OPINION of the Court, by
Ch.'J. Boyle.
This was an action of covenant upon a general warranty contained in a deed of bargain and sale of land in fee simple. A breach of the covenant is alleged in an eviction of the bargainee by a superior and adverse title. Issue was joined upon the plea of non infregit conv.en-tionem, and a verdict obtained by the plaintiff under tRe> direction of the court lur the amount of the consideration paid, tqgether with interest thereon front the date of the conveyance, and a judgment was thereupon rendered by the court; to reverse which, this writ of error, is prosecuted.
The first point relied upon for the plaintiff in error, is, that an action of covenant would not lie in this case.
Where the conveyance was by feoffment with warranty, the ancient and usual remedy in case the feoffee was evicted, was by voucher or tvarrantia chartce.
Whether in such case an action of covenant would not also lie, is not very clearly settled in the English hooks, so far as we have had an apportuaity of examining them. It is however said to be the better opinion that it would not. But, be that as it may, it does not necessarily follow that the same doctriue will hold good with regard to n warranty contained in a deed of bargain and sale, or other deed operating under tlje statute of uses. It is evident that prior to that statute, if any action would lie for a breach of the covenant of warranty contained in such a deed, it must have been an action of covenant. It could then have been but a personal covenant, and ought, we apprehend, to be still so considered. But" there are other considerations which we think are entitled to greater, weight upon this point. The covenant of warranty has ever since, and long before the establishment of this commonwealth, been uniformly treated as a personal covenant, upon which the action of covenant would lie. The invariable practice -for so many years in a case where the balance hangs sp nearly in equilibrio, ought to turn the scale in favor «f the action ; more especially as the remedy by voucher is taken away by statute and the writ of warrantia chair tm has become obsolete by disuse.
6 Viner, tí-(C ) c”venant'» 37^1(9) Rcites . Roll. Rep. 25, je -HotetrsVi^ 3, pi. 6 — Hob, |«nkPt»»4 'dT 83 jmk 2.91 j pi 31 — Hob»t pi ⅞1⅝^~409— (Z.)’ p. 424, pi. 1 and 4
T® recover ty, the plaintiff «siifcrf*. wa?b*jV^ra. ,jp>uu útlu
bJtófcw S mentofa court* out the iuds-n»Ant nf 4 rm* r>
*174 To these considerations we may add that in the su-prem.e court of Massachusetts, the only American court, so far as we are aware, in which this question has been decided, it was held upon the score of the usage of the country that a warranty was a personal covenant, and that the remedy by action of covenant was proper— Mass. Term Rep. 544. That case, though not authority, js entitled to respect and tends to fortify the condu-s‘on upon principle we deem correct.
The second point relied ¡upon for the plaintiff in error is, that the judgment of eviction having been obtained default, is not sufficient to warrant a recovery in this easel To obviate this objection the defendants in error alleged that the plaintiff’s intestate had notice of tha Pendency of the suit in which the judgment of eviction had been obtained ; and to est^iblish that fact, proved by a witness that he had heard the plaintiff’s intestate that he had been at Lexington, and had intendedto employ an attorney to defend the action ; but the w-itness (jijj n0(; know, nor did he hear him say, whether *le had *n ^act empl°yed one? nor whether it was before entering judgment or not,
The counsel for the plaintiff in error then moved the court to instruct the jury that notice from the purchaser to the seller, of the pendency of the suit in which the eviction was had, would not exonerate the former from his obligation to defend the suit; and that if any notice would so exonerate him, it should he a direct notice from him containing a requisition to the latter to appear and defend the suit. But the court instructed the jury that information from any source, and without such requisition, would make it so incumbent upon the latter to defend the suit that the want of defence by the former would not prejudice his right to a recovery.
Neither the instruction which was asked, nor that which was given by the court, seems material in this case. ',
To obtain a recovery in a case of this kind, two points are tvecessary to be established — 1st, That thera was an eviction; and 2d, that the eviction was legal, and had by virtue of a paramount title not derived from the bargainee.
An eviction may be either with or without the judg-meat °fa court. In the latter case, as there is no record^ *175 or written evidence of the transaction, it would be absurd to require any other than parol proof of the facit of eviction ; but in the former case, the.record itself would be the only proper evidence óf ah eviction ; arid of that fact it would be in the same decree evidence whether the 4 A ¶ O ⅞ e 1 • | judgment was obtained alter defence made or without defence. Bat with respect to the title under which the eviction was had, the record would rtot.be evidence against the vendor, whether the judgment was obtained after defence made by the vendee or not: first, because the vendor not being a party to the record, could not be bou.id thereby ; and secondly, because the'judgment might have been obtained under a title derived from the vendee after his purchase, against which no defence cOuld have availed. As, therefore, the record of the proceedings is in the same degree evidence of the fact of eviction, whether there was a defence made by the vendee or not, and in neither case can be evidence against the vendor of the other point necessary to be established, namely, that the eviction was had by virtue of a paramount title not derived from the vendee, it is plain that neither the instruction asked nor that which was given was in the slightest degree material.
Ifbyajudg, ment of a courts the record is the only eri. eviction» ⅛™»™?
And whether or ^ ^ ⅛ ^on defence mads is imma. te-'lal> tke 're. ¿Zce^ofTbé fact of eviction orib,. and “<* titleparanloun£-
In covenant, upon the war-chafc’money & imereft is the ofda-
Whether notice of the pendency of the suit in which the eviction was obtained, and the failure to make a de-fence on the part of the vendor, ought to have been received as circumstantial evidence that the judgment of eviction was obtained by virtue of á superior title, is, a point which does not seem to have been made in the court below : nor do we think it material now to be decided, since we are of opinion that the other evidence exhibited by the record of the superiority of the title Under which the recovery wgg had, to the competency of which there was no objection, was sufficient to justify a verdict for the defendants in error.
The third ground relied upon for the plaintiff in error is, that the court erred in directing the jury that the consideration paid, with interest thereon from the date of the deed of conveyance, was the proper criterion of damages. '
It appears trom the evidence spread, upon the record in this case, that at the time of the sale by the intestate of the plaintiff in error to the defendants’ testator, there wa» a farm on the tract sold ; that the latter continued *176 in the possession of the land, without paving rent there" for, until the commencement of the suit in which the judgment of eviction was had ; that when the judgment was obtained commissioners were appointed, under the occupying claimant law, to assess the value of improvements, &c. and that the commissioners having reported a considerable sum due as the value of the improvements, after deducting the rent from the.commencement of the suit, a judgment therefor was given in favor of the defendants’ testator against the successful claimant.
a vol. 276 to 280 — Cojby vs Wefit 568 *— Vide fifher •vs Kay> 440 — Ger&uit vs Anatnor.) 545 -XXII Vi. ner, Voucher, (f b.) p. 144 5-(U. b.)
That the vendee is not accountable for rent by thefta-tute of Kenruc* kyi is riot a éaufe fót ex. émpting the vendor from payment of in* tereft, ,
*176 Under these circumstance? it is contended — 1st, That interest on the consideration paid should not have been recovered by the defendants for the time their testator enjoyed the land without being subject to rent ; and 2d, that the value of the improvements on the land at the time of the sale should have been deducted from the amount to be recovered.
The criterion of damages adopted in this case is that which had been established by this court in the case of Strode and Cox's heirs, upon the authority of which many subsequent cases have been decided. That there should be some rule upon this subject is manifest, and we know of none less liable to objection or better calculated to attain the ends of justice, than the one which has been established. The principle upon which the rule is founded is, that the purchase money and interest is the actual gain made by the one, and the actual loss sustained by the other : whereas if the amount to be recovered was to be moie or less, according to the rise or depression of the price of lands, the inevitable result would be to enrich the one, to the prejudice of the other, contrary to the maxim both of the civil and common law, that nemo debet locupletari aliena jactura. The rule, however, is but a general one, and ought not to be applied to a case not cotnin e witnin the principle upon which it is founded. In the case of Strode and Cox's heirs, and the cases subsequent to it, the circumstances upon which the objections to the application of the rule to this case is bottomed, did not occur. How far those circumstances ought to have the effect contended for, is the material inquiry.
With respect to the objection founded upon the exemption of the vendee from the payment of rent to the successful claimant, it docs not appear to be sustainable.
But the ver* dor is entitled to á deduction /or the valüé of improte-raents on the land at the time ofthe .fale for ^hich the ven-dee recovered of the evictot or fuccefsful claimant.
This is an advantage conferred by the occupying claimant law upon the vendee as the occupant of the land ; but it is ilot taken from the vendor, but from the successful claimant, who, wetys it not for the positive provisions of that law, would be entitled to the rents as a remuneration for the use of his property/ Though the vendee, therefore, may be said to be a gainer, the vendor is not a loser, nor cap he have a right to complain.
The objection founded upon the circumstance with respect to the value of the improvement upon the land at the time of sale, and for which the vendee recovered ¿compensation from the successful claimant, is entitled to more weight. The bona Jide possessor is in justice entitled to a remuneration for the improvements he makes, and the law secures1*» to him or to those who represent him. The vendor having bestowed his money in meliorating the hind, and the vendee having received a compensation therefor from the successful claimant, it is clear that the vendor would be á loser, and the vendee a gainer, to the amount of the value of those improvements, if it were riot to be deducted frorri the amount to be recovered in this case. This would be enriching the one to the prejudice of the other, arid so' far directly opposed to the principle upon which the general rule for the measure of damages in cases of this kind is founded.
We are therefore of opinion that the pláintiffiri error is entitled to a deduction of the value of the improvements on the land sold at the time of sale, arid for which the vendee has received a compensation from the amount of the purchase money and interest, arid that thd court erred in instructing the jury otherwise.
Judgment reversed with costs, and cause remanded for a new trial.