*409 OPINION of the Court, by
Judge Owsley.-
De-
vour holding an interest with Johnson, &c. in a preemption of Elijah M’Clain, brought suit in chancery against them lira division. On a final hearing of that suit, partition was decreed ; but it was in that decree provided that should either part} be thereafter legally evicted by any other title, from any part of the land, the other should reconvey a proportionable quantity.
After this, suit was brought against Johnson,'upon settlement and pre emption of John Eilis, to the land allotted to Johnson, By consent of the parties to that suit, it was submitted to the arbitrament of William Steele and Thomas Jones, who awarded Johnson to convey part of the land held by him under M’Clain’s pre-emption, and that award was made the judgment of the court. Johnson then brought his bill in chance ry, founded on the former decree of partition, against Devour, for the conveyance of a rateable pr&portion the quantity lost. Devour by his answer to this bill denies he was a party to the arbitration, and contends he is not bound by the decision therein. The court below on a hearing decreed Devour to convey, See.; from which decree this writ of error is prosecuted.
That Johnson’s remedy is properly by an origina! founded on the former ducree, vie have no doubt. That decree was final between the parties, and as fully nlied with by them as the nature of the decree under the then existing state ot tacts required ; subject, however, 5.0 a further liability in the event of an eviction by ei *410 ther party from any part of the land. And upon the happening of such an event, a new ground of equity arises, dependant it is true upon the former decree, but growing out of extraneous and subsequent facts, and formina peculiarly the subject of an original suit. No? is the provision in that decree making one of the par* ties thereto liable, on the other being evicted from any Part °f l^e as was contended in argument, repugnant to the principles of law and equity • for as the parties before the making of that decree had a right to equal interests in the land, it was proper so to mould the decree as would tend to preserve and secure that equality.
fon6*1''evifléd na (hew that le was by a fu-periorntb. the north fide of th; north tork of Eiknom, a<r lands of Wii. liam Ruffell & Vaughn — the surveys ot Ruffell and of Vaughn being notorious at the neareit ftanon are good loca tive defcrip,
fur-veys being adjoining the one to the o pendant entry is to oe furvey. nm ^ at^the point where R and V join, tffhnces affng eachfurrey to form the bale ot a square area, thence at right angles tor quan tity
as r0bnson has therefore pursued the proper remedy, it becomes necessary we should inquire whether he has shewn himself entitled to the relief granted by the court below? To establish this right to relief, two 0 . . things are necessary to be proven — 1st, An eviction ⅝ ancj gd, that the eviction was had under a superior ad-_ , verse Claim.
As to the first, it is clear from the repeated(a) decisions of this court, a judgment against Johnson, though devour might not have been a party thereto, would be evidence of an eviction ; and we apprehend, according t0 tbe same principle, the decision of the arbitrators, acje ^ judgment of the court, should have the same efiect. Hut as Devour was neither party nor privy to that decision, it is clear it is inadmissible to prove the eviction was had under a superior adverse claim. If, however, that tact is proven by other evidence in this cause,1 Johnson is still entitled to relief,
The inquiry therefore arises, whether the evidence proves an éviction under such a claim ? Thus we are ¡t d to examine the validity of the settlement entry ot John Kills, and the pre-emption entry of Thomas Turner and William Denham, under which the eviction seems to have been had. These entries are as follows, viz.
17'h January 1780 — John Ellis enters 400 acres by certificate, &c lying on the north side of the north fork of Eikhorn, adjoining the lands of William Russell and Vaughn.”
“27th April 1780 — -Thomas Turner and William Denham, assignees of John Ellis, enter 1000 acres upon a pre-emption warrant, and adjoining Ellis’s settlement on the east side, waters of Eikhorn.”
*411 Both Russell and Vaughn, at the date of these entries, had, on the north fork of Elkhorn and in the vicinity of Bryant’s Station, a military survry. These surveys were made to adjoin the whole length of their north and south line, and as the creek passes through both in a northwestwardly direction, they present but one side on the north side of the creek.
These surveys are proven to have been generally known, at the date of Ellis’s settlement entry, by the people of Bryant’s Station ; and as that station was at that time the nearest settlement to these surveys, (that of Vaughn not being more than about five or six hundred jroles therefrom) it is clear a subsequent locator, by the exercise of reasonable diligence might have ascertained with certainty the land intended to be located.
If then the notoriety of these surveys is sufficiently established, there can be no doubt but that Ellis’s settlement entry should be surveyed as directed by the arbitrators, making the adjoining corners of Russell and Vaughn’s surveys on the north side of Elkhorn creek the centre of his base, extending equal distances with both surveys and off at right angles therefrom for quantity.
As, therefore, the entry of Ellis is valid, it evidently results that of Turner and Denham, which depends thereon, must likewise be supported. And as it calls to adjoin Ellis on the east side, it is clear all the land awarded by the arbitrators in favor of that entry will be included by a survey when correctly made.
We deem it unnecessary to inquire into the validity pf the entry under which Johnson held the land : for as those of Ellis, and Turner and Denham are of elder date, and their validity has been maintained, their superiority necessarily results. The eviction of Johnson is then shewn to haye been under an adverse superior claim, and consequently the court below decided correctly in grantiilg him relief,--Decree affirmed.

 Booker vs Bell, ante, 175—Prewitt vs Kenton, 282-Lewis vs Knox, 2 Bibb 454.