Opinion of the Court, by
Judge Mills.
Benjamin Pulliam’s administrators brought their ac' tion at law against the defendant in error, and recovered judgment against him for a sum of money, for failing to convey a tract of two hundred acres of land, which he had sold to their intestate, and executed his written agreement to convey, in 1812.
He then filed his bill, alleging that there were improvements on the land, when sold, nearly, if not entirely to the full amount recovered against him; that James Coleman had brought his action of ejectment, and by an adverse title recovered the 'land from the widow of said Pulliam, as she resided thereon with her-familv after his death, and that commissioners were appointed to value the improvements; but the widow of said Pulliam, in her own right, had purchased the land of said Coleman, and he either hetd satisfied the family *229 for the improvements, or they had failed to assert their claim against him, under the occupying claimant laws. He claimed a discount equal to the value of the improvements.
(l) An entry-^óiainTof13 public record within the the^ccu ¡„g claimant laws, and a from the !j^Josa name the survey llas m!ule> to is sufficient to connect him with the re-titíe’lfrni to" compensation for im-'i*°vl™eats'
pear that the tit!e of the claimant1 is derived from Virginia, the °rníístcncy pant laws wiihthecom-bebJmiyhtif question. *U
(3) ti,8 ooro„ pensation ^e°bean-tI warranty,1 1 who is evict-etl by a para-recovers*^ could recov-er> for inon^the^land at the time of his purchase, must bo rate-ably deducted from the purchase money and interest for which the alienor is liable on his warranty.
*229 The answer admits the material facts, but denies the reception of any pay fot the improvements, and denies that they were able to recover any improvements under the occupying claimant laws, because there was no ti-tie, the foundation of which was of public record.
The court decreed that an allowance should be made, equal to the rate which the improvements bore, at the time of the sale, to the price for which the land sold, and estimated that proportion to the sum of two hundred dollars, and to that amount perpetuated the injunction; and to reverse that decree, the administrators have prosecuted this writ of error.
It cannot be objected to this decree, that the amount allowed for the improvements is too high; for no wit-liefs proves a less amount than what is allowed; and as the court only allowed the relative sum which tbeim-provements then fyore to the whole price of the land when sold, it is as reasonable an allowance as the plain- «* “ “»W “P“>-
(1) The claim sold by the plaintiff in error, originated by a county court certificate for improving and set-iling the vacant lands of this Commonwealth, ;;nd a survey made thereon, and a patent issued. The patent, however, did not issue until after Coleman recovered his judgment in ejectment. But we do not apprehend that the patent was necessary to entitle the occupants to recover payment for their improvemenís. The en-iry and survey were sufficient for that purpose, and the bond or writing from the complainant was sufficient to connect them in equity with the public records, and to entitle them to the value of their improvements...
(2) As to the tille of Coleman, it does not appear from which State it was derived, whether from this State or the State of Virginia; so that it cannot be pretended, that charging him with the improvements wotild have violated the compact between the two States, which some have contended to be the result of our occupying claimant laws; so that there is no pretended bar shown to exist in the road of recovering the improvements,
(4) Where the alienee of land, after-eviction, recovers at law of his war-rantor, without deduction of the value of the improvements at the time of the purchase, which he as occupant recovered or could have recovered from his evictor, the chancellor has jurisdiction, & -will enjoin so much of the judgment.
Swigert and Crittenden, for plaintiffs; J. J.. Marshal{%. for defendant.
(3) Nor do we conceive that (he fact of never having recovered the value of the improvements from the sue-, cessfui claimant, can make’any difference, when it wag in their power to have, done so, and they failed to em, brace the opportunity. Of whom they are now to recover for improvements, whether of Coleman or his vendee, we need not determine. Suffice it to say, that they have now, or have had the right to recover, and that is sufficient to allow the discount made by the. court below.
The right of the vender to deduct the value of im-. pravements on land which he sold, in éase of eviction, has been acknowledged by this court, in l.be case of Bell’s executors vs. Booker, 3 Bibb 173. It is founded on a clear principle of equity. If he soijl. improvements, and the vendee has not lost them, bat. has recovered, or could recover their value of another, if is clear that the vendee cannot recover the amount twice.
(4) Nor do we doubt the jurisdiction of the chancel, lor in this case. The improvements compose part of the consideration given by the vend.er for, th§ purchase, money, and to that extent the consideration has not. failed. The remedy at law to recover them is not. clear, and to have set them off in the trial, at law, as. they were not liquidated, would have been difficulty and it was competent for the chancellor to ascertain how much of the consideration had not failed, and to. deduct it accordingly.
The decree must, therefore, be affirmed with costs,.