## *Head's rep's. vs. McDonald.*          ASSUMPSIT.

Error to the Washington circuit; Wm. L. KELLY, Judge.     Case 31.

*Evidence. Sheriffs' sales. Principal and Surety.*

Chief Justice BIBB, delivered the Opinion of the Court      April 28.
     MUDD made his note for $1,095, ne-      Case stated.
gotiable at the Bank of Kentucky, payable to Bigger
J. Head, who endorsed it to McDonald, who en-
dorsed it to the President, Directors and Company
of the Bank of Kentucky. This note, so endorsed,
and unpaid when due, was put in suit by the said
President, Directors and Company, against the last
endorser, McDonald, and the money was collected
by their judgment and execution. Upon this, Mc-
Donald founds his action against the representatives
of the said previous endorser, Bigger I. Head, (now
deceased) to recover the amount of said judgment
and execution.

The action was tried on the issue of non assump-     Issue.
sit, with leave to give the special matter in evi-
dence.

To support this issue on his part, the plaintiff and     Plaintiff's
endorser, McDonald, gave in evidence the note so as     evidence.
aforesaid endorsed; and to prove the manner of sa-
tisfaction made to the bank, and to raise an implied
assumpsit to himself, (as last endorser and taker up
of the note) from the previous endorser: (Bigger I.
Head,) introduced the judgment, execution and sher-
iff's return, in the case of the bank against him (Mc-
Donald.) [By this it appears that the sheriff levied
upon a slave, named Jim, with other property,
which being sold, slave Jim was purchased (at sher-
iff's sale, under said execution,) and paid for by
Bigger I. Head, at the price of $501; and by this,
with the sale of the other property specified in the
sheriff's return, that execution against McDonald
was satisfied. As the price of Jim is the only ques-
tion of controversy presented by the bill of excep-
tions, the other credits insisted on, and allowed by
the jury, to the intestate, need not be noticed, as
they are unconnected with the points made, and re-
served by the exceptions taken.

HEAD's rep's vs. M'DONALD.

*Defendant's evidence.*

The defendants proved, that before the judgment, execution and sale aforesaid, McDonald had sold the said slave Jim, to John Slack, and had received payment; that Bigger I. Head had sold the slave to Edward L. Head, and proved by the record, that Slack had instituted his action of trover against said Edward L Head, and had recovered the value of said Jim. The record of the action of trover for Jim, was offered and read by the defendants below, to prove the bare fact of such recovery by Slack.

*Instruction moved by defendants, refused.*

Upon this evidence, the defendants moved the court to instruct the jury, that if they found, that said McDonald, before the emanation of the said execution, in favor of the bank, against McDonald, made a *bona fide* sale of said slave Jim, to Slack, and that he was at the time of said sale and purchase, by Bigger I. Head, the property of said Slack, that then they ought to credit said Bigger I. Head with the amount of the price of Jim, paid as aforesaid by said Head, for his purchase under, and by virtue of said sheriff's sale; this instruction the court refused to give.

*Evidence excluded on motion of plaintiff.*

The plaintiff, McDonald, then moved to exclude the record of the recovery by Slack against Edward L. Head, altogether. This was done, and the jury were instructed that said record was in nowise evidence in this suit, as McDonald was not a party.

*Instruction on plaintiff's motion.*

This record being excluded, the plaintiff, McDonald, moved the court to instruct the jury, that they ought not to give a credit to Bigger I. Head's administrators, for the price of Jim, so paid by the intestate upon said execution, against McDonald in favor of the bank, nor for any part. This instruction was accordingly given.

To these opinions the executors and heirs of Head excepted; and these are the only subjects for revisal.

*In an action by principal against surety for money made by sale of the goods of the surety*

McDonald counted specially upon the judgment against him, and the compulsion to pay; stated that note, judgment, and compulsion on him to pay, as the foundation of the assumpsit, and produced the

judgment and execution, and return, to sustain the assumpsit, as one implied and created by law. McDonald himself, traced the manner and particular items, by which he paid the execution, judgment, and note, for which he claims remuneration from the representatives of Bigger I. Head. His own evidence shews, that the price of Jim, sold under that execution, did discharge five hundred and one dollars thereof; and that said Head paid that sum for Jim to the sheriff, for, and on account of that judgment and execution. Now suppose the facts be true, that Jim was not the property of McDonald, at the times of the judgment, execution, levy and sale; that McDonald had before, sold and received payment for Jim, and that he was the property of Slack; then it is clear that Bigger I. Head, acquired no property in Jim, by virtue of his purchase at the sheriff's sale. Suppose that Bigger I. Head sold to Edward L. Head, and that Slack, the right owner of Jim, has made his election to sue Edward L. Head, in trover, for Jim, and has recovered his value. Then it is clear, that Edward L. Head had a right to look to his vendor, Bigger I. Head, for recompense. And Bigger I. Head, having so bought and paid his money for Jim, without having acquired any title, has a right to his recompense from some quarter. Can McDonald insist upon the sale of Jim to be applied to his credit on the execution, if Jim was the property of Slack, and yet deny to Bigger I. Head, a credit for the sum which he has so paid for Jim, to the use of McDonald? Will the law imply a promise from Bigger I. Head, to pay for Jim a second time, to McDonald, when neither McDonald had title to Jim, nor Bigger I. Head either, his former payment to the sheriff notwithstanding? Can McDonald *ex æquo et bono*, receive payment from Slack, and a credit on the execution also, for Jim, and now demand his price a third time from Bigger I. Head's administrators? Edward L. Head cannot recover for Jim, in a suit against the sheriff, nor against McDonald, nor against the bank; there is no privity of contract between Edward L. Head, and any of those. He must look to Bigger I. Head, the vendor. Slack had his election to sue the sher-

*Margin notes:*

HEAD's rep's vs. M'DONALD.

under execution, purchased by defendant, it may be shewn by defendant that plaintiff had before sold the goods to another, who afterwards recovered of defendants vendee.

One who purchases goods at sheriff's sale, and sells to another, from whom they are recovered by paramount title, becomes immediately entitled to his recovery, before satisfying his vendee: because his responsibility is fixed.

iff, or Bigger I. Head, or Edward L. Head. He has
made that election. By that election, the right of
Edward L. Head, to recourse upon his vendor, was
fixed. Edward L. Head has recourse to none but
his vendor, upon the implied warranty of title. Big-
ger I. Head, being thus fixed in his responsibility to
Edward L. Head, is entitled to have his recourse.
That does not depend upon actual satisfaction made
to Edward L. Head, his vendee; but arises out of
his fixed responsibility to said Edward. Bigger
was not bound to wait an actual recovery by Ed-
ward; nor until an actual satisfaction.

Purchasers
may recover
of the Sheriff
in such case.

Bigger I. Head, had his recourse against the sher-
iff, it is true; but *ex æquo et bono*, in conscience,
and in good faith, McDonald himself, is the last and
ultimate resource from whom the remuneration is to
come, for the price of Jim, which has been applied
to pay the debt due from him upon the judgment
and execution. By insisting on the benefit of that
sale of Jim, and appropriating the proceeds to his
use, and founding his claim thereon, against the en-
dorser, Bigger I. Head, McDonald has confessed,
and declared, and assented, that the money so laid
out, advanced, and paid to the sheriff, by Bigger I.
Head, for Jim, was money laid out and advanced to
his use and benefit. By his own evidence, he claim-
ed the benefit of the sale made to Bigger I. Head;
and taking the evidence which the defendant offer-
ed, into the connexion, and supposing the facts to be
true, which that evidence conduced to prove, the
plaintiff had no right to recover of Bigger I. Head's
representatives, the amount of Jim's price at sheriff's
sale, so paid and laid out to the use of McDonald.
Those facts, upon the motion of the court, are taken
hypothetically, as if found true by the jury; the mo-
tion for instruction is so, and if so found by the ju-
ry, the defendants had a clear right, in justice and
equity, to a credit against McDonald, for the sum for
which the sheriff sold Jim, to Bigger I. Head.

Judgment
between oth-
ers evidence

The evidence of the recovery by Slack, against
Edward L. Head, was very proper evidence to the
single fact, that such recovery was had; because it
shewed the election by Slack, to take his recourse

against one of several persons, who were responsible to him. That election concluded him, and determined the order of recourse among the other persons concerned. It was not evidence of the want of title in McDonald: that question was to be decided by the jury, upon the other evidence offered. A recovery in ejectment against an alience in the most remote degree, or against the tenant under him, is evidence against the first warrantor, to prove the fact, that such eviction had been, but not that it was by title paramount; that must be made out by evidence *aliunde.* See Booker's adm'rs. v. Bell's ex'rs. 3 Bibb, 174. Devour v. Johnson, 3 Bibb, 410. Cox v. Strode, 4 Bibb, 4. Gaither v. Brooks, 1 Marshall, 440. The rule of evidence as adjudged in those cases, is in principle, applicable to all cases of records between others, where, upon the fact of such trial and recovery, the interests of others hang as incidents or consequences. And this seems to have been the view taken, in the cases of Lewis v. Knox, 2 Bibb, 454, and Barr v. Gratz, 4 Wheat. 213, 220. That such suit was brought, and such recovery had, are facts, and to be proved by the record which was offered. The consequences to others, resulting from those facts, apparent from the face of the record, are to be established by appropriate evidence of such other facts as may be necessary to sustain the action or defence.

It seems *to this court,* that the circuit court erred in ruling each and every point, as stated in the bill of exceptions taken by the defendants in that court. It is, therefore, considered by this court, that the judgment of the circuit court be reversed, and the verdict set aside, and that the case be remanded for a *venire facias de novo.*

Plaintiffs in this court to recover their costs.

*Rudd,* for plaintiffs; *Crittenden,* for defendants.