SAMUEL
vs
HALL.

derance of evi-
dence against the
verdict.

---

CHANCERY.

Case 82.

## Samuel *vs* Hall.

APPEAL FROM THE SCOTT CIRCUIT.

*Evidence. Assignor and assignee. Warrantor and
alieneee.*

June 8.

JUDGE SIMPSON delivered the opinion of the Court.

Case stated.

In April, 1840, Hall, assigned to M. V. Thompson,
without recourse on account of the solvency of the
payors, a note he held for $1,590 on Bristow as princi-
pal, and Clarkson and Withers as sureties. Withers
had removed to the State of Missouri, and Bristow and
Clarkson were both insolvent. Thompson afterwards
assigned the note to Washington Samuel.

Samuel sued Withers in one of the State Courts of
Missouri, and during the pendency of the suit, Hall
employed a lawyer to go to Missouri to look into its
condition and progress; and upon Hall's request, Sam-
uel gave to the lawyer so employed, a power of attor-
ney to take such steps in regard to the note sued on, as
he should think advisable.

Hall's lawyer went to Missouri, and upon his return stated to Samuel and Hall, that he had been informed by the lawyer employed by Samuel in Missouri to bring suit on the note, that such was the partiality of the Judge who presided in the circuit, that it would be impossible to obtain a judgment against Withers, but that there would be no difficulty in obtaining a judgment in the Federal Court. Hall then made a written application to Samuel, requesting him to institute a suit on the note in the Federal Court, and agreeing, if the note was placed under his control, to obtain a judgment for Samuel at his own expense. This proposition was not acceded to, but Samuel directed the suit to be prosecuted in the State Court, where it had been previously brought. A judgment having been rendered in favor of the defendant, Withers, and a bill of exceptions taken, Hall made another written application to Samuel, requesting him to take the case to the Supreme Court of Missouri for revision, and proposing to take it there himself at his own expense, if Samuel would permit him to use his name for that purpose, to prosecute it with due diligence, and to give to Samuel a bond with satisfactory security for the payment of all costs, and the payment of the entire amount of the debt, interest and costs, in the event that he did not succeed in reversing the judgment. This proposition was also declined by Samuel.

Thereupon, Hall commenced this suit in chancery to be released from all liability on account of his assignment to Thompson. He made Thompson and Samuel defendants, and in addition to the facts already detailed, he alleged that Thompson owed him by notes which he held on him, and which he exhibited, a sum exceeding the amount of the note which he had assigned to him.

*The object of Hall's bill.*

Samuel answered, and made his answer a cross bill, to enforce the liability of Hall under his assignment to Thompson. He does not in his cross bill, allege any facts which operated to discharge Withers as one of the obligors in the assigned note. He relies alone upon the verdict and judgment obtained by Withers in the Cir-

*The answer of Samuel.*

SAMUEL
vs
HALL.

Decree of Circuit Court.

A verdict and judgment is, in general, evidence against parties and privies only. A verdict and judgment against an assignee, is evidence of the fact, but not of the grounds upon which it was had. (3 *Bibb*, 214; 3 *J. J. Marshall*, 611.) So a verdict and judgment against an alienee is not evidence, that it was by a paramount title. (3 *Bibb*, 410; 4 *Ib.*, 4; 1 *Mar.*, 440; 7 *Monroe*, 207; 4 *Wheaton*, 213–220.) Unless the warrantor had notice of the pendency of the suit, and he was not prohibited from conducting the defence.

cuit Court in Missouri, and produced no other evidence of the invalidity of the note as to Withers.

The Circuit Court dismissed Hall's bill, and also the cross bill of Samuel, from which decree the latter has appealed.

Hall by his assignment to Thompson, although it was made without recourse as to the solvency of the payors, became a warrantor of the validity of the note, and in effect stipulated that all the obligors were liable for its amount.

But to make Hall responsible, it must be proved that the note was invalid as against Withers at the time he assigned it to Thompson. This makes it necessary to determine whether the verdict and judgment in favor of Withers in the State of Missouri, are evidence against Hall of this fact.

It is a well settled rule of evidence, that a verdict and judgment are evidence alone against parties and privies. They may be used in some cases against third persons to prove the single fact, when material, that such a recovery was had; but the facts which authorized the recovery, cannot in general, be proved in such cases by the record, but must be established by appropriate evidence to sustain the action or defence.

Thus it has been decided, that a judicial decision on the plea of payment to the assignor, however fairly obtained, is no evidence whatever against the assignor: *Maupin* vs *Compton*, (3 *Bibb*, 214;) *Morgan* vs *Simons*, (3 *J. J. Marshall*, 611.) So it has been held in numerous cases, that a recovery against an alienee, is not evidence that it was by title paramount, but that must be made out by evidence *aliunde:* (3 *Bibb*, 410; 4 *Ibid*, 4; 1 *Marshall*, 445; 7 *Monroe*, 207; 4 *Wheat.* 213-220.)

An exception to this general rule, exists in cases where the warrantor or assignor has been notified of the pendency of the suit; and as Hall had notice of the pendency of the suit brought by Samuel in Missouri, the question is, whether the latter by refusing to permit Hall to manage and control the suit in the manner proposed by him, destroyed the legal effect of the notice.

Unless the warrantor or assignor, when notified of the pendency of a suit, be permitted to prosecute the suit, or manage the defence, he derives no benefit from the notice, and should not be bound by the recovery in the case. The object of the notice is to enable him, being the real party in interest, to investigate the merits of the controversy as fully and satisfactorily as he could do were he an actual party.

It is evident from the proof in the record, that Hall, although notified of the prosecution of the suit by Samuel, was not allowed to manage it, nor were his suggestions on the subject attended to by the latter in the least degree. The testimony shows that Hall had good reason to believe that the suit ought to have been instituted in the Federal Court. His proposition to bring the suit in that Court at his own expense, and to indemnify Samuel against all costs, was reasonable and just, and should have been acceded to by the latter. His request to be allowed to carry up the case after a judgment had been rendered against Samuel on the note, to the Supreme Court, for the purpose of obtaining a reversal, under the terms and conditions proposed, was also reasonable, and should have been granted, particularly as Samuel had prosecuted the suit in the State Court in opposition to the wishes of Hall.

*An assignor who is prohibited by the assignee from conducting a suit against the obligor, will not be responsible upon his assignment, in case of failure to recover judg't against the obligor.*

Indeed, a careful examination of the whole testimony, leads to the conclusion, that the object of Samuel was to bring the suit against Withers to a termination as soon as practicable, without much regard to the result, considering his claim against Hall for the amount of the note, in the event that he failed to obtain a judgment against Withers, perfectly secure ; and therefore secretly desiring the success of Withers, whose situation was doubtful, and against whom a judgment could not have been considered very valuable.

Under all these circumstances, the record of the suit in Missouri cannot be regarded as evidence against Hall, to prove that the assigned note imposed no legal and enforcible obligation on Withers ; and consequently there being no legal proof of this fact, the demand of the complainant in the cross bill, was not made out or sustained by the testimony in the cause.

Wherefore, the decree dismissing the cross bill of Samuel, is affirmed.

*Robertson* for appellant; *Robinson & Johnson and Cable* for appellee.