## J. M. MORGAN, APPELLANT,

*v.*

## LOUGHLIN HENDERSON, APPELLEE.

According to the weight of modern authorities, an action for breach of cove‑
nant for quiet enjoyment will not lie until there has been some hostile asser‑
tion of a better title than that obtained by the covenantee, and this the
Court adopts as the most equitable doctrine.

APPEAL from Fourth Judicial District, holding terms at Che‑
ney.

*L. B. Nash* and *J. M. Kinnard*, for Appellant.

*Bettis & Hyde*, for Appellee.

Opinion by HOYT, Associate Justice.

This action was brought to recover damages for a breach of
the covenant for quiet enjoyment, contained in a deed from the
defendant to the plaintiff.

The Court below sustained a demurrer to the complaint, and
rendered judgment for the defendant; and the plaintiff brings
the cause here for review, and alleges as error the ruling of the
Court in so sustaining said demurrer.

The only statement of a breach of said covenant was an al‑
legation in said complaint that the said defendant was not, at
the time of making said deed, and is not now, the owner of the
land therein described.

Does this allegation show that said covenant has been broken?

It is clearly insufficient under the older authorities, for most
of them hold that an actual eviction by process of law only will
constitute a breach of this covenant; and the remainder of such
cases hold that while it may not be necsssary to show such ac‑
tual eviction, yet that which is equivalent to such actual evic‑
tion must in all cases be alleged and proven.

See 3d Johns. 471; 5th Same, 121; 13th Same, 238; 2d
Wend. 565; 7th Same, 285; 4th Hill, 644; 2d Mass. 433; 5th
Ohio, 154; 3 Bibb, 173; 1st Martin & Yerger, 48; 2 Colo.
44; 5th Cal. 265; 39 Same, 360; 7th American Dec., 706;
14th Same, 45; 1st Estee's Plead. and Prac. 500.

And it will be found, upon examination, that the most advanced of these cases have gone no further than to hold that a covenantee may yield to a paramount title hostilely asserted against the title conveyed to him by his grantor, and then avail himself of such a disposition as a breach of the covenant in question, and may maintain an action thereon for such breach ; though of course, by thus yielding, he places upon himself the burden of proving in such action that the title to which he has thus yielded is in fact a title paramount.

And in our opinion, the great weight of authority, both ancient and modern, is to the effect that this covenant is never broken until there has been some hostile assertion of a better title.    (See Rawle on Covenants for Title, 3d ed., 156) where this careful and learned author after an exhaustive, review of the cases, comes to the conclusion that the better considered modern cases establish the law as above stated.

Not only do the authorities establish the doctrine that this covenant is not broken by the naked fact that there is a better title outstanding, but we think that this is so upon reason also; for it may well happen that a person may in the best of faith convey a piece of land of which he has not a perfect title, being satisfied that he will be able to perfect his title so as fully to protect his grantee, and yet under the rule contended for by the plaintiff in this cause the covenant for quiet possession in his deed would be broken when made, and an action thereon would lie, even although the grantor should make perfect his title the next day after making the deed.

There are some modern cases that hold, that if at the time of the conveyance the premises are in the actual adverse possession of a third person holding by superior title, that then this covenant is broken as soon as made ; but if we concede this to be the law, still the complaint in this case would be fatally defective, as there is not even an attempt made to allege such an adverse possession, the allegation being, as before stated, simply that the grantor was not the owner ; and all of the allegation in question might be entirely true, and yet the grantor have been in the quiet possession of the premises described in the deed at the time of the making thereof, and may have put his grantee in such possession, which he—the said

grantee—may be now fully enjoying without any disturbance or threat of the same.

After a careful examination we have been unable to find a single case that goes anything like far enough to sustain the allegation in question; and we think that upon reason and authority the complaint failed to show any breach of the covenant set out therein. The demurrer was therefore rightly sustained by the District Court, and its action in so doing, and in giving judgment for the defendant thereon, must be affirmed, and it is so ordered.

We concur: ROGER S. GREENE, Chief Justice.

GEORGE TURNER, Associate Justice.