*214 OPINION of the Court, by
Judge Owsley.
— Mau-smjP'n’ v‘^ue received, transferred by assignment to on Compton a writing which he held on Bardet Ellis. *215 Compton, as assignee, brought suit in the state of Virginia on the writing, and on the trial of the issue joined qg the plea of payment, the-jury found the debt had bseu paid to Maupin before the assignment, and judg-rnent was entered in favor of Ellis, Compton then brought this suit in the Madison circuit court against Maupilt on the assignment, and Ihe cause being tried on the issue of non assumpsit, a verdict was found for Maupin; Lut tliC court, on the motion of Compton, granted a new trial, and oil a second trial verdict and judgment were obtained by Compton; from which judgment this writ of error is prosecuted.
tlia¡ be_ ing improperly a.war<,ed» *j“ Ind^'jud'gú^nc fet afide, and judgment order verdict— Sec acc. Brevard Graham, to^^’^/^T. ⅞⅛ voK 11265.
The right of Compton to recover in this cause against Maupin, is founded on the fact of payment having jmade of the demand secured by the assigned instru-•meat before the assignment. And on the, trial in the court below the only evidence produced of this fact, is *the transcript of the record and proceedings of the suit prosecuted by Compton in the state (.{'Virginia against Jc-ms, vvuaout even any evidence or Man pm having notice of the pendency of that suit. Whether, therefore, the transcript of that record, under the circumstances of this case, is competent evidence against Maupin, prove the fact of payment, is the only question necessary to be determined in this cause.
Where the assignee fails to make the demand off the. obligor, after the exercise of due diligence, in consequence-of the failure and inability of the obligor te pay, and suit is brought to make ihe assignor liable, the record of the proceedings against the obligor is admissible evidence. In such a case it has been held suit must be prosecuted against the obligor before a recovery can be had against the assignor. Whether suit has been prosecuted, and with what diligence, are therefore facts of record ; and hence results the necessity of making the record evidence. But in the present case no suit was necessary against tjae obligor (if the, demand was paid before the assignment) to authorise a recovery against Maupin the assignor. The cause of action accrued instantly upon the assignment being made. Nor was the fact of payment matter of record, but extraneous from it. The same necessity, therefore, does not exist in this, that did in the former case to make the record evidence. It is true in a controversy between *216 Compton and Ellis, involving the fact of payment, the record of the former case determined between them would be competent and conclusive evidence; but in^i contest with Maupin, who was neither party nor privy to that record, we are of opinion it is inadmissible evidence. Had notice been given to Maupin of the pen-dency of the suit against Ellis, whereby he might have had an opportunity of controverting the fact of payment, the record would have been admissible evidence against him ; but without evidence of such notice the record should not have been used.
The jury, therefore, on the first trial correctly found for the defendant in the court below, and that court consequently erred in granting a new trial. The judgment, i-® therefore, is erroneous and must be reversed with costs§j*-. the cause remanded to the court below and judgment" there entered in favor cf Maupin on the first verdict found by the jury.