[CHAMBERSBURG, NOVEMBER 1, 1828.]

## JACOB *against* PIERCE, Executor of JACOB.

#### IN ERROR.

Defects in the return of a slave, may be supplied by the registry of the clerk.
A discharge of a person by *Habeas Corpus,* who was claimed as a slave, is not to affect one who warranted the title as a slave, unless he had notice of the proceeding.
Such notice should be actual on the person, and not constructive.

ERROR to the Court of Common Pleas of *Cumberland* county, where the suit was between the same parties, to recover the price of negro *Ben,* a black servant, who had been sold by *Jane Jacob,* the testatrix of the plaintiff below, to *D. R. Jacob,* the defendant below, and the right to his service guarantied.

Proof was given of the price to be paid, and that part was yet due. *Ben* sued out a *Habeas Corpus,* in the Court of Common Pleas, against *D. R. Jacob,* on the 19th of *February,* 1819, returnable the 20th of *February,* when he was discharged. The defendant below endeavoured to prove service of notice on *Jane Jacob* of this *Habeas Corpus.* *Ben* was the son of *Sall,* who belonged to *Paul Pierce,* and was recorded in the clerk's office on the 23d of *October,* 1780. The return on the file was as follows, viz:—

"*Paul Pierce,* of *West Pennsbury* township, returns the following negro and mulatto slaves, and desires to be registered, &c.— Black *Sall, August* 25th, 1761, born," &c. &c.

---

* See *Staniland* v. *Ludlam,* 4 *Barnw. & Cres.* 889, *S. C.* 10 *Eng. Com. L. Rep.* 465, and *Milner* v. *M'Clean,* 2 *Carnig & Paine,* 17, *S. C.* 12 *Com- L. Rep.* 6.

(Jacob *v.* Pierce, Executor of Jacob.)

The defendant having read this return, offered the docket entry, made by the clerk, in these words:—

"*Paul Pierce, West Pennsbury,* farmer.—*Sall,* a female negro slave for life, nineteen years."

To this the plaintiff objected, that the entry cannot be given in evidence to vary, enlarge, or contradict the original return. The objection was overruled, the evidence admitted, and a bill of exceptions sealed.

The court charged the jury in answer to points put by the plaintiff:—

"We understand it to have been decided, by an express decision of the Supreme Court, that the original record, in a similar case, when defective, may be cured by the act of the clerk, in making the entry regularly. We will never decide contrary to the opinion of that court on the point in issue, let our private opinion be what it may. We have too much respect for the weight of theirs.

"If the jury believe, that notice of the *Habeas Corpus* was given to *Jane Jacob,* so as to have enabled her to appear and defend against the claim of *Ben,* for his freedom, then the discharge of *Ben,* by the court, on the *Habeas Corpus,* would be binding on her in this suit. If she had no such notice, the discharge would not be conclusive upon her. The record is *prima facie* evidence of the correctness of the discharge, but not conclusive.

"As to notice. The rules of court require the service to be by leaving a copy at the residence of the defendant; or, in her absence, in the presence of one or more of the family, or actual notice, by showing it to the person; or, served upon an agent having authority for the purpose. We know of no other kinds of service. It is of substance, not of form, that notice should be given. You decide the facts, but you are not to decide contrary to them." This opinion was excepted to, and filed.

Errors assigned:—

"1. The Court erred in admitting the record of the clerk, and in the charge, as to its effect.

"2. In charging, that the discharge on the *Habeas Corpus* was not conclusive on the parties in this suit.

"3. In charging as to the kind of service of notice."

*Alexander,* for the plaintiff in error.

*Metzgar* and *Penrose, contra.*

The opinion of the court was delivered by

GIBSON, C. J.—It is true, that in consequence of the relation in which the plaintiff in error stood to two of the judges, the case of *Stiles* v. *Nelly,* 10 *Serg. & Rawle,* 367, was ruled by the Chief Justice alone. It is also true, that the opinion expressed by me, in *Wilson* v. *Belinda,* 3 *Serg. & Rawle,* 396, remained unchanged: but the opinion entertained by Judge DUNCAN, coincided with that of the Chief Justice. That case, however, went to the world as a de-

(Jacob *v.* Pierce, Executor of Jacob.)

cision of the court in the last resort, and a rule of property, so that it would be pernicious in its consequence, and of bad example to overthrow it now, for a mere speculative error. No lasting mischief can arise from it in practice, as the species of property to which it relates must shortly be extinct. On the authority of that case, then, we are of opinion, that the registry cured the defects in the return.

We are of opinion, also, that the defendant could be concluded by the discharge on the *Habeas Corpus*, only on proof of notice to defend. Such notice is an implied condition of every contract of warranty, because the fact of an adverse demand, when made, must necessarily lie more particularly in the knowledge of the party to be defended; and it would be against all reason to fix the contracting party with the consequences of an adverse decision, without enabling him to guard against it. The difficulty arises from an expression in the charge, which, it is said, would justify an inference by the jury, that the notice must be such as is directed by the rules of court. In cases like the present, the notice is not a matter of practice, but a part of the title, and it cannot, therefore, be regulated by the court. No rule of law requires it to be in writing, or the service of it to be proved in a way different from any other matter, *in pais.* But it must be actual, and not constructive from having been left at the residence of the party, which is sufficient in matters of practice only by virtue of the legislative power of the court. As there was nothing like proof of service on the person, the error, if there were one, was in regard to a point which did not arise out of the evidence, and it is not the subject of exception here.

                                          Judgment affirmed.