Chief Justice Robertson
delivered the Opinion of the Court.
Gaines sued Patterson, in an action of indebitatus assumpsit, for money “lent, advanced, laid out and ex* “ pended, to and for the use of the defendant, and at his “ special instance and request;” and, on the trial, on the general issue, read a record of a suit at law, in his own name, as the assignee of Patterson, against Fowler, the obligor of a bond for money; from which it appeared; that he had been defeated by proof of payment to Pad* terson, prior to the assignment; and also, proved by a witness, that the bond had heen discharged by payment; or by accord and satisfaction, before it had been assign* ed. But, notwithstanding this evidence; the Circuit Judge instructed the jury to find as in case of a non-suit} and verdict and judgment were accordingly rendered, in bar of the action.
In revising that judgment, two questions occur, fot consideration. First. Was there any material variance between the count and the proof? Second. If not, was the proof sufficient to authorize a verdict for the plaintiff?
First. Upon the assumpsit implied by the assignment of an assignable obligation, indebitatus assumpsit is maintainable, if money was the consideration of the assignment. And money paid in consideration of such an *409 ■assignment, is “money advanced laid out and expended “ to and for the use of the” assignor, if the assignee shall have failed, by the use of all proper means, to obtain the value of the thing assigned.
A record ofa suit —assignee vs. obligoi---showing, that the bond had been discharged before "the assignment, is not evidence of that fact, in a suit upon the assignment, unless the assignor had notice of the suit against the 'obligor.
There was no positive proof, that money was the consideration of the assignment in this case, or that "there was any consideration; and, if property was the 'Consideration, or if there was no consideration, the allegations and'proof did not correspond. 3But "the written assignment acknowledged that there was a Valuable Consideration; and although, atan early day in this country, when property was a common medium of trade and of contract, this Court said that, prima facie, property, and not money, should be deemed to have been the consideration of an assignment of a bond: yet, whatever might be thought respecting the correctness of that doctrine at "that time, the only reason which could ha've sustained its reasonableness, not now existing, a different implication, for an analogous reason, should be established; and now, without any opposing fact, the presumption should, in our opinion, be that the consideration of an assignment was money.
It seems, therefore, that the allegations and proof sufficiently corresponded, for the maintenance of the action, in the absence of any inconsistent fact.
Second. The record of the suit on the bond, was sufficient evidence of the assignment, because, although the original note itself and the assignment endorsed on it, might have been required, Coming in, as they did in this case, collaterally, yet, the whole record having been ad* mitted without objection, and no part of it having been excluded, it was the duty of the Court, on the motion for a nonsuit, to consider the record copy of the note and of the assignment as sufficient evidence of the note and of the assignment of it.
The record also proved, that due diligence had been observed by the assignee, and that nevertheless he had failed in his action on the bond. Such a record not being, however, evidence, against the assignor, of the fact that the note had been discharged before the assignment of it, unless he had notice of the pendency of the suit, as decided *410 in Maupin vs. Compton, 3 Bibb, 214, and in Morgan vs. Simons, et. al. 3 J. J. M. 611, other proof of that mate, rial fact was necessary. But that proof was, we think, sufficiently furnished, at least prima fado, in the testimony of the witness to whom we have already alluded.
It appears, therefore, that the Circuit Court erred in deciding, that there was no evidence which could, authorize a verdict for the plaintiff.
\Yherefore, the judgment must be reversed, and the ‘cause remanded for a new trial.