## HEZEKIAH WOOD

*v.*

## JOHN DAVIS AND OTHERS.

1812.

March 9th.

*Present.....All the Judges.*

ERROR to the Circuit Court for the district of Columbia, sitting at Washington.

*A verdict and judgment that the mother was born free is not conclusive evidence of the freedom of her children—unless between the same parties or privies.*

The Defendants in error, *John Davis and others,* were children of *Susan Davis,* a mulatto woman, who had obtained a judgment for her freedom in a suit which she had brought against *Caleb Swann,* to whom she had been sold by *Wood* the Plaintiff in error.

The petition of the children stated that their mother *Susan Davis,* had obtained a judgment for her freedom upon the ground that she was *born* free. The issue was joined upon the question whether the petitioners *were entitled to their freedom.*

Upon the trial of this issue, in the Court below, the Plaintiff in error, *Wood,* tendered a bill of exceptions which stated that it was admitted that the petitioners were the children of *Susan Davis;* and they produced the record of the judgment in favor of their mother *Susan Davis* against Caleb Swann, (in which case her petition stated that she was born free, being descended from a white woman; and the issue joined was upon the question whether she was *free* or a *slave.*) And it was admitted that Susan Davis had been sold by Wood to Swann before the judgment; whereupon the petitioners, by their counsel, prayed the Court to direct the jury that the record aforesaid and the matters so admitted *were conclusive evidence for the petitioners in this cause;* and the Court directed the jury as prayed: to which direction the Defendant, Wood, excepted.

F. S. KEY, *for the Plaintiff in error, contended,*

1. That Wood was not a party, nor privy to any party, to the suit of *Susan Davis* against Swann, and

WOOD
v.
DAVIS.

is, therefore, not concluded by the judgment in that case: and

2. That the judgment was only proof, that Susan Davis was free at the time of the judgment; not that she was *born* free, and therefore it did not appear that she was free at the time of the birth of the petitioners. She might have been manumitted after the birth of her children, and so entitled to her freedom at the time of the judgment, and yet the petitioners might remain slaves. The only issue ever joined in Maryland (under the laws of which state this case was tried) upon a petition for freedom, is, whether the petitioner be *free* at the time of issue joined—not whether she were *born* free— 2. *Harris's Entries*, 530   It is immaterial what title is set out in the petition. The petitioner is not confined to it, but may, on the trial, show any other title to freedom—the practice in Maryland is merely to state in the petition that the petitioners is entitled to freedom and is holden as a slave. The act of assembly of Maryland, of 1796, directs that the jury shall be charged to determine those allegations in the petition *which may be controverted*. The only allegation controverted is that the petitioner *is free*.

DUVAL, J. stated that in all the petitions which he filed in Maryland, in the cases of the *Shorters*, the *Thomases*, the *Bostons*, and many others, he always stated their title at large, tracing it up to a free white woman; and after judgment in those cases, the Courts always held, that the subsequent petitioners who claimed under the same title, were only bound to prove their descent.

C. LEE, *contra*.

The issue in *Susan* Davis's case is, in fact, whether she was *born free*. And the case of *Shelton v. Barbour*, 2. *Wash.* 64, shows that the verdict is conclusive as to all claiming under the same title. Wood's title was the same as Swann's—and that of the petitioners the same as that of Susan Davis.

F. S. KEY, *in reply*.

Wood did not claim under Swann, but Swann claimed under Wood. There was no privity between them.

as to the children. Swann could do nothing to injure Wood's title to them.

WOOD<br>v.<br>DAVIS.

*March 10th.....All the Judges being present,*

MARSHALL, *Ch. J.* Stated that the opinion of the Court to be, that the verdict and judgment in the case of *Susan Davis against Swann,* were not *conclusive evidence* in the present case. There was no privity between Swann and Wood; they were to be considered as perfectly distinct persons. Wood had a right to defend his own title, which he did not derive from Swann.

*Judgment reversed.*