### (LOCAL LAW.)

### *Negro* JOHN DAVIS *et al.* v. WOOD.

Evidence by hearsay and general reputation is admissible only as to pedigree, but not to establish the freedom of the petitioner's ancestor, and thence to deduce his or her own.

Verdicts are evidence between parties and privies only ; and a record proving the ancestor's freedom to have been established in a suit against another party by whom the petitioner was sold to the present defendant, is inadmissible evidence to prove the petitioner's freedom.

THIS case was similar to the preceding, in which the petitioners excepted to the opinion of the court below : 1st. That they had offered to prove, by competent witnesses, that they (the witnesses) had heard old persons, now dead, declare, that a certain Mary Davis, now dead, was a white woman, born in England, and such was the general report in the neighbourhood where she lived ; and also offered the same kind of testimony to prove that Susan

Davis, mother of the petitioners, was lineally descended, in the female line, from the said Mary; and it was admitted, that said Susan was, at the time of petitioning, free, and acting, in all respects, as a free woman; which evidence, by hearsay and general reputation, the court refused to admit, except so far as it was applicable to the fact of the petitioners' pedigree. 2d. That they having proved, that the petitioners are the children of Susan Davis, and that she is the same person named in a certain record in a cause wherein Susan Davis, and her daughter Ary, were petitioners against Caleb Swan, and recovered their freedom, the plaintiffs offered to read said record in evidence to the jury, as *prima facie* testimony that they are descendants in the female line from a free woman, who was born free, and are of free condition, connected with the fact that the defendant in this cause sold said Susan to Swan, the defendant in said record, which the court refused to suffer the petitioners to read to the jury as evidence in this cause.

*Lee*, for the plaintiffs in error, and petitioners, referred to the opinion of the court (DUVAL, J., dissenting) in the case of *Mima Queen and child* v. *Hepburn*, February Term, 1813, as to the admissibility of hearsay evidence, in a similar case, remarking that, unless the court was disposed to review its decision, it must be taken for law, and he could not deny its authority.

[DUVAL, J. The petitioners in that case were descended from a yellow woman, a native of South

1816.

Davis
v.
Wood.

America. In this case they are descended from a white woman.]

*Lee* cited the opinion of the Virginia court of appeals, in the case of *Pegram* v. *Isabel*,[a] as to the admissibility of the record, in which a record was admitted.

*Key*, *contra*, contended, that both grounds were irrevocably closed against the other party. The first certainly; and the second equally so; as the evidence could not be admissible as *prima facie* testimony merely, but if admitted must be conclusive. The decisions in the state courts of Virginia are against the evidence of the parent's or other ancestor's freedom being conclusive in favour of a child. The case of *Pegram* v. *Isabel* is no authority here, for it was formerly considered and repudiated by this court in the decision alluded to.

*Lee* and *Law* replied, and cited 2 *Washington's Rep.* 64., and *Swift's Law of Evidence*, 13·

March 12th.

MARSHALL, Ch. J., delivered the opinion of the court, and stated, that, as to the first exception, the court had revised its opinion in the case of *Mima Queen and child* v. *Hepburn*, and confirmed it. As to the second exception, the record was not between the same parties. The rule is, that verdicts are evidence between parties and privies. The court does

a 2 Hen. & Munf. Rep. 193.

not feel inclined to enlarge the exceptions to this general rule, and, therefore, the judgment of the court below is affirmed.