## CHESHIRE BANK *vs.* JONATHAN ROBINSON.

Though in debt on bond, the issue of *non est factum* is found for the plaintiff, yet, if from other pleadings it appears that the condition of the bond has been fulfilled, the defendant is entitled to judgment.

Under a submission of " all demands," the parties and referees may or may not investigate and settle the damages, which will afterwards probably accrue on an indemnifying bond. Hence a plea in bar to an action for such damages is good, if it aver, that they were actually investigated and settled by the referees, and judgment rendered on their report.

If a replication to a general plea of performance omits to assign any particular breach, it is bad on special demurrer.

THIS was debt on a bond.

The defendant craved oyer, which being had, it contained a condition, that if the defendant should pay to the plaintiffs the bills and claims, which existed against the *Bank* on the 10th of November, A. D. 1813, the payment to be made as at the end of each year thereafter their amount should become known and be discharged by the *Bank*, the bond was to be void.

The defendant then pleaded first, *non est factum ;* on which issue was joined and a verdict returned for the plaintiffs.

*19 John Rep. 259. Hull *vs.* Supervisor of Oneida.

Secondly, *actio non* ; because on the 22d of August, 1815, the plaintiffs being indebted to the defendant in the sum of $20,000 money had and received, the defendant instituted an action of assumpsit against them for the recovery of it, and such proceedings were had upon the action, that an agreement was made by the parties at October term of this court, A. D. 1815, to refer the claim then in suit with all other demands between them by a rule of court, and that this agreement was fulfilled, a report made, and judgment rendered thereon in favor of the present defendant at May term, 1816. The defendant then averred, that the bond now in suit was actually submitted to the referees, and all the damages which could accrue thereon, were included in their report.

Cheshire Bank
*vs.*
Jonathan Robinson.

The plaintiffs replied, that after judgment on the above report, bills and claims to the amount of $3,000 were discharged by them, which the defendant had not repaid in conformity to the condition of his bond. The defendant rejoined, that all the bills and claims discharged by the *Bank*, " before the reference and the date of the writ," were submitted and had been considered in the award.

To this rejoinder there was a general demurrer.

Thirdly, the defendant pleaded in bar a performance of the conditions of the bond.

The plaintiffs replied, generally, that the defendant had neglected to pay the amount of $1898 35, which in bills and claims, had been discharged by them since the award.

To this replication the defendant filed a special demurrer, assigning for cause the want of any specific breach, and of a denial that the whole amount discharged since the award was not considered and adjusted by the referees.

There were also a fourth plea, replication, rejoinder and demurrer, which so nearly resembled the second plea and its appendages, as to present the same point.

*J. H. Hubbard* and *Alexander,* counsel for the plaintiffs.

*Cooke* and *J. C. Chamberlain,* for the defendant.

WOODBURY, J. *pro curia.* Some of these prolix pleadings could well have been spared, and some of them are not characterized by much technical precision.

Cheshire Bank
*vs.*
Jonathan Robinson.

But the real questions in issue can probably be decyphered. As to the first plea, though a verdict upon it has been found for the plaintiffs, yet the defendant may still be entitled to judgment upon the whole case. For the verdict finds only, that the defendant executed the bond; but if from the other pleadings, it appears that the condition of the bond has not been broken, or if broken, has been adjusted, the plaintiffs ought not to recover. As to the second and fourth pleas, they may be considered as admitting a breach of the condition of the bond; but they answer it, by averring that the parties afterwards, through referees, settled not only the damages which had then accrued, but all which might ever afterwards happen to accrue.

If the plaintiffs supposed, that the referees exceeded their authority, they should have demurred to this plea; but instead of that, they reply, and without denying the above averment, merely allege, that the damages now claimed arose after the award of the referees. This is the first fault in these pleadings; because the averment ought either to have been traversed or demurred to. The rejoinder, therefore, however incoherent, is no bar to judgment for the defendant, if his plea is in law sufficient. Its sufficiency depends upon the single question, whether, under the submission of " all demands," the referees could consider and award not only on the damages already accrued upon the bond, but also on such damages as would probably afterwards accrue.

If, under all these circumstances, the referees could legally award upon the whole bond, the plea is sufficient; because, according to the averment, the whole bond was in fact adjudicated on by them, and the anticipated as well as actual damages included in the award; and no principle is better settled, than that a subject matter, which has once *duly* proceeded to judgment, shall not be re-examined by the same parties, except on review, new trial or appeal.(1) In addition to the authorities there cited, *Vide* 1 *Wheaton* 7.—4 *do.* 215, *and Holden vs. Curtis, ante.*

We consider it as well settled, also, that when a declaration or submission is general, any subject matter, which comes

(1) 1 N. H. R.
34, Tilton *vs.*
Gordon ; & 77,
Robison *vs.*
Crownin-
shield.

within the scope of them, may or may not be embraced in the trial and judgment; and whether they were or were not so embraced in fact may afterwards be averred and proved by parol. On the other hand, when a declaration or submission is special, nothing can legally be included but what is specified, and every thing specified is presumed to have been included and adjudicated.(1)

Here as the submission was general, it was proper to aver what was actually considered by the referees; and as the whole bond might well enough come within the scope of the submission, the referees did not err in awarding upon the whole of it.

The expression, " all demands," is very comprehensive. The bond was not only an indemnity for the bills received and paid at the time of the submission, but those still outstanding. It might, therefore, be deemed an existing claim or " demand" against the defendant, in respect to all of them. It might be deemed an existing " demand" as to all of them in another view; because the execution and force of it were completed, and the subsequent redemption of bills might be regarded as only events upon which payments would become due.(2)   Nor would there be much difficulty in estimating the full value of the bond, or, in other words, the quantity of bills outstanding at the time of the submission, which might probably be afterwards offered for redemption.   The books of the *Bank* would show the amount unredeemed; and those, experienced in banking concerns, would be able to calculate, with considerable accuracy, the proportion of that amount, which from negligence and accidents might never be presented for payment.

On the contrary, the word " demand" is sometimes as limited in its meaning, as the word " debt;" and often extends to nothing but what is then due, or owing either on account of some wrong or some contract.  6 *Mod.* 232, *Knight vs. Burton.*—1 *Barn. and Ald.* 491, *Overseers of St. M. vs. Warren.*

Under this ambiguity, the parties themselves could best judge of their own intentions.  By their advice, or guided

by the circumstances of the case, which indicated a desire that every thing existing between the parties should be finally adjusted, the referees proceeded to adjust all the damages which had arisen and which could arise under the bond ; the parties were heard as to all ; the award embraced all ; judgment was entered upon it as to all ; and now if the plaintiffs are not estopped as to all, they may recover twice for the same subject matter.

If the averment in the plea, however, be not correct on this point, we will permit the plaintiffs on terms to amend their replications, and form an issue which will settle the action on its merits. A different question is presented by the demurrer to the replication to the third plea in bar.

The breach alleged is only a general one of neglect to pay a gross amount of bills redeemed since the last settlement. But no persons are named of whom any one bill was received ; no particular time when it was received ; nor the amount received at any one time of any individual. Some such specification might have been made without introducing useless prolixity ; and then the defendant, under full notice, could traverse and try the allegation. 2 *Coke* 4, *a. Manser's case.*—1 *Saund.* 58, *b. ante.*—*Burr.* 772.—1 *Chitt. Pl.* 556.

An issue on such a point would settle the question of the forfeiture of the bond ; and in a subsequent hearing in chancery, the plaintiffs, if successful on the issue, would be allowed in damages the full amount of all the bills redeemed.

On the whole pleadings, therefore, the defendant is entitled to judgment.