Wilde J.
delivered the opinion of the Court. The plaintiffs’ title is derived from a grant of the proprietors of the common and undivided lands in the town of Worcester, made n the year 1733; and the case depends on the construction to be given to that grant.
In the construction of ancient grants the most liberal and benignant rules have been0 adopted, more effectually to fulfil the intention of the parties, which in early times was not always very plainly expressed. When that intention can be ascertained it is to have full effect, unless it should be found opposed to some rule or principle of law.
*456 The words of the grant of 1733, are, Voted, that 100 acres of the poorest land on Mill Stone hill be left common for the use of the town for building stones.” It was no doubt the intention of the proprietors to secure to the town or its inhabitants a valuable and perpetual interest in the land described in the grant, but the question is, whether the land itself passed. It is certain that the land is not granted in express terms, and if it passed at all it must be by implication ; and no such implication can be allowed, unless the intention of the parties to that effect can be collected from the terms of the grant. These however seem only to indicate a limited use for a particular purpose. The land is to remain for the use of the town for building stone ; and the words, “ left in common,” seem to imply that the fee should remain in the proprietors, and not be divided with their other lands. They may possibly refer to a right in common intended to he conveyed to the inhabitants in their individual capacities, cut such a construction would lead to great difficulties, if we suppose the fee passed ; for in such case it would have passed to the then inhabitants of the town, and could not have enured to the use of their successors, unless they took in their corporate capacity. So that if such had been the intention of tne proprietors, it could not have taken effect according to the rules of law. But there is no reason to suppose that the proprietors intended to part with the fee, nor can we give such a construction to the grant, without disregarding the natural signification of the words of conveyance.[1]
By a grant of mines the grantee has the power to .dig and carry away only ; the land itself does not pass, unless it be by feoffment and livery of seisin, and this exception is founded on principles peculiar to this ancient and obsolete mode of conveyance. Co. Lit. 4. So a grant to dig turf, or a grant" of vesturam terra, or herbagium terra, will not carry the land. The grantee may maintain trespass quare clausum fregit for any wrong done him,[2] but he has not a fee in the land. *457 These rules of construction are directly in point añd are decisive.
Some stress has been laid on the judgment of the Superiour Court of Judicature in the case of Gleason v. Flagg et ah But the plaintiffs were not parties in that suit. They were clearly not bound by the judgment, nor can they claim under it. Estoppels must be mutual, and a judgment will not enure by way of estoppel except between parties and privies.[3] But if the defendant, as assignee of Gleason, were bound by the estoppel, it would only defeat his title, and would not supply any defect in the title of the plaintiffs. Whatever respect, therefore, we may have for the opinion of the provincial judges, we are bound to say that the construction they gave to the grant in question was erroneous.
As to the title by possession, it is clear that there has been no such exclusive and continued possession as will establish the right in either party.
According to the construction we give to the plaintiffs’ grant, they had good right to enter for the purpose mentioned in their grant, and if they at any time exceeded their legal rights, it could not enlarge their title, unless they could show an expulsion of the owner of the fee and an uninterrupted possession after for twenty years.[1]
*458 According to the agreement of the parties, the verdit t is t0 be altered, and to be entered for the defendants, and the judgment must be accordingly.

 See Putnam v. Smith, 4 Vermont R. 622 ; Clapp v. Draper, 4 Mass. R 266 ; Hasty v. Johnson, 3 Greenl. 289.

 See 2 Roll. Abr. 549, H. pl. 1 ; Dyer, 285 ; Burt v. Moore, 5 T. R. 333 Foote v. Colvin, 3 Johns. R. 216 ; Stewart v. Doughty, 9 Johns. R. 113 *457 Stammers v. Dixon, 7 East, 200 ; Clap v. Draper, 4 Mass. R. 266 ; Stultz v. Dickey, 5 Binn. 285 ; Van Doren v. Everitt, 2 Southard, 460. But in such case the plaintiff must have an interest to the exclusion of others, else he can not support the action. Stocks v. Booth, 1 T. R. 430 ; Mainwearing v. Giles, 5 Barn. & Ald. 361 ; Bryan v. Whistler, 8 Barn. & Cress. 294 ; Tompkinson v. Russell, 9 Price, 827 ; Welden v. Bridgewater, Cro. Eliz. 421 ; Bro. Trespass, pl. 174 ; Wilson v. Mackreth, 3 Burr. 1827.

 See 1 Stark. Ev. (4 Amer. ed.) 191, and note 1 ; Killingsworth v. Bradford, 2 Overton’s R. 204 ; Paynes v. Coales, 1 Munf. 373 ; Turpin v. Thomas, 2 Hen. &. Munf. 139 ; Burrill v. West, 2 N. Hamp. R. 190 ; Wood v. Davis, 7 Cranch, 271 ; Estep v. Hatchman, 14 Serg. & Rawle, 435 ; Stevelie v. Read, 3 Wash. C. C. R. 274. As to the conclusiveness of judgments, &c., see ante, 22, notes 3, 2, 3.

 It is a general rule, that a tenant shall not be allowed to dispute his landlord’s title during the term; Sayer, 13; Carpenter v. Thompson, 3 N. Hamp. R. 204 ; unless there has been fraud or force to induce the tenant to take a lease* Hammond v. Marsden, 6 Binn. 45. See also on this subject, Doe v. Brightwen, 10 East, 583; Brandt v. Ogden, 1 Johns. R. 156; Johnson v. Howard, 1 Har. & M'Hen. 281; Archer v. Saddler, 2 Hen. & Munf. 370, *458 Borretts v. Turner, 1 Taylor, 112 ; Porter v. Hammond, 3 Greenl. 188 Jackson v. Spear, 7 Wendell, 401 ; Doe v. Mills, 1 Moody & Robinson, 385 But see Willison v. Watkins, 3 Peters, 43 ; Camp v Camp, 5 Connect. R 291