Curia,per

O’Neall, J.
The four grounds taken for a non-suit and new trial, present the three following questions, viz: 1st. Was the recovery in the case of Elizabeth Stewart, per pro. ami, vs. David P. Allen, evidence to any, and what, *83 extent of the breach of the covenant of warranty 1 2d. Was the plaintiff barred by the statute of limitations'? 3d. Was the receipt of the prochein ami of Elizabeth Stewart for the verdict and costs, in the case against this plaintiff, admissible in evidence in discharge of this action'?
1. The record in the case of Elizabeth Stewart, per pro. ami, vs. David P. Allen, after proof of notice to the warrantor, Duncan, to defend the suit, and that he did so, was evidence to shew a legal eviction. His warranty, and notice to him-to come in and defend the suit brought to recover the slave, the title of which he warranted, made him a privy to that recovery, and it would conclude him as to every matter which appeared by the record. But the nature of the title by which the eviction took place, whether paramount to Duncan’s, or only to Allen’s title, by being derived from him subsequent to his purchase from Duncan, cannot appear from the record in an action of trover: The fact that Duncan was required as warrantor to defend the suit, and that he did so, coupled with the fact of eviction by the recovery had in that case, so defended, might create a very reasonable presumption, that the title by which it took place was paramount to his. But it is only a presumption, on which the jury might have found the covenant of warranty to be broken. The recovery is not, as the Judge supposed, conclusive “so far as related to the title to the negro.” In Blasdale vs. Babcock, 1 J. R. 517, the defendant, it appeared, had sold to the plaintiff a horse, which was afterwards claimed and recovered by one Snow, in an action of trover. The action was on the implied warranty of title; the record of the recovery of Snow vs. the plaintiff, Blasdale, was received in evidence, upon proof that the defendant, Babcock, had been notified by the plaintiff, of the action brought against him, and that the defendant, with another witness, had attended at one court as witnesses for the defendant in that cause, but not at the term at which the cause was actually tried. The C. J., Kent, instructed the jury that, “as it appeared from the evidence that he had notice of the action, the recovery of Snow, against the present plaintiff, though not conclusive evidence, toas strong evidence of Snow's right.” On appeal, the Supreme Court of New York said, “The record was proper *84 evidence, for without it, the plaintiff could not have shewn a legal eviction. The first notice given to the defendant, of the other suit brought against the plaintiff for the horse, was sufficient; and he was bound to know all the subsequent proceedings, without a special notice of the time every subsequent court was held. There was no misdirection by the Judge, and we are of opinion that the plaintiff is entitled to a judgment.” In a note to 1 Stark, on Ev. 189, I find the following principle extracted from Saunders vs. Hamilton, 2 Hayw. 226-282: “In an action by A. against B,, to recover damages for the value of a slave sold by B. to A., and which had been recovered by a paramount title by C. from A., record of the action between C. and A. is evidence of the “fact of eviction,” and of damages, “but not of C’s. title.”
2. Upon this question we concur with the presiding Judge, that the former suit, which abated by the death of the defendant, Duncan, prevented the operation of the statute of limitations; and in addition to the case of Cook et al. vs. Wood, 1 M‘C. 139, to which he has referred, I will refer to the case of Hunter vs. The executors of Glenn, decided at this place, May term, 1830, in which this very question was settled.
3. It was ruled by the Circuit Judge, “that the plaintiff, in the recovery against Allen, could not discharge his right of action against the defendant or his testator, and that would be the effect of giving efficacy to the receipt.” In this, I think, he was incorrect. The plaintiff, Allen’s, right of action depends upon the fact whether he has sustained any damage by reason of the recovery against him. The effect of it, as to the slave, was, at least, upon being satisfied, to vest a good title in him. By whom it is satisfied is perfectly immaterial to him, so that he can never be called upon to pay it. So long as the reeovery remained unsatisfied, it constituted evidence of damages sustained by him, by reason of the breach of the covenant of warranty of title. For he is legally liable to pay to another the value of the slave which he purchased from the defendant’s testator. But if the defendant’s testator thought proper to pay it, without waiting a' recovery against himself, he had the right to do so. For his eventual liability gave him an un *85 doubted right to remove the cause of it by a bona fide payment to the party legally entitled to receive it. If the plaintiff in this action had paid the recovery against him, then a payment afterwards by the defendant, to the plaintiff in the recovery, would have been in his own wrong, and could not have discharged this plaintiff’s right of action. His damages would have been actually sustained, and could only have been satisfied by a payment to himself.
Note. — In 1 Starkie Ev. 217, it is said that a party is not in general bound by a verdict or judgment, unless he be a party to the suit, or be in privity with the party, or possess the power of making himself a party. On this point see the following cases; Burrill vs. West, N. Hamp. Rep. 190. Wood vs. Davis, 7 Cranch, 271. Davis vs. Wood. 1 Wheat. 6. Paynes vs. Coates and al., 1 Munf. 373. Turpin vs. Thomas, 2 Hen. & Munf. 139.
I concur, however, with the presiding Judge, that a payment to the pro. ami of the plaintiff, Elizabeth Stewart, was not a legal payment or satisfaction of the recovery, unless she, on attaining to maturity, or her legal representatives (for we understand that she is dead,) after her death, have actually or legally ratified and confirmed it. A pro. ami is merely authorized to prosecute the suit to final judgment. His authority and control over the case is then ended. If the plaintiff is still a minor, none but the guardian of her person and estate, legally appointed by the Court of Equity, or the Court of Ordinary, is entitled to receive it. The circumstance that the father of the plaintiff was her prochein ami, will not alter the case. For although he was her natural guardian, yet that gave him no right to receive money to which she was entitled. Genet vs. Talmadge, 1 J. C. R. 3. But as the presiding Judge ruled that the plaintiff’s own receipt in the recovery could not be a discharge of the plaintiff’s right to recover damages in this case, and as that may have prevented the defendant from shewing a confiimation by the plaintiff, Elizabeth Stewart, after attaining to full age, or by her representatives since her death, the case must go back, on this, as well as the first question. The motion for a new trial is therefore granted.
Johnson and Harper, JJ., concurred.
In the case of Kip vs. Bringham, 6 J. R. 158; 7 Ib. 168, which was an action against the sheriff for the escape of a prisoner to whom the jail liberties had been granted, the sheriff gave notice of the suit to the prisoner’s securities, who with the sheriff defended it, and judgment was given against the sheriff. In an action by the sheriff, against the sureties on tire bond for his indemnity, the judgment was held conclusive evidence of the escape. In Carmack vs. Commonwealth, 5 Binney, 184, a judgment was obtained against a sheriff alone, without notice to his sureties. In a subsequent suit against the sheriff and his sureties jointly, this judgment was held inconclusive as to the amount of damages. In ejectment against a covenantee, the record of recovery is not conclusiue against the covenantor, if he had no notice of the ejectment. Leather vs. Poultney, 4 Binney, 356, but otherwise, if the covenantor had notice and took part in the trial. Bender vs. Fromberger, 4 Dallas, 436, note. In the case of Bond ads. Ward, 1 N. & M‘C. 201, it was held, that “where a recovery over is given by law, or secured by express contract, and the plaintiff relies upon the recovery against him as the sole and conclusive testimony of his right to recover over, notice of the first action is indispensably necessary.”
Por a clear and concise statement of the doctrine of ancient warranty, and more especially of the modern practice in the United States on that subject, see 4 Kent’s Com. 457.