### CAROLINE W. BURLEN *vs.* OLIVER N. SHANNON.

A decree of this court, dismissing for want of proof a libel, filed by a wife against her husband, after having left his house, for a divorce from bed and board for extreme cruelty, is not conclusive evidence of her having unjustifiably left his house, in an action by a third person against him for necessaries furnished the wife.

ASSUMPSIT for the board of the defendant's wife, the plaintiff's sister, who left her husband's house in 1846, and at October term 1847 of this court in Middlesex, filed a libel for a divorce from bed and board, on the ground of extreme cruelty, alleged in the libel to have consisted in assaulting and beating her and treating her cruelly, and depriving her of the society of her children, one of whom was a cripple and in feeble health; and set forth in detail in a specification subsequently filed by order of court. After the libellee had appeared, the court, at the same term, passed the following decree: " The court, after a full hearing of the evidence and all matters concerning the premises, are of opinion that the material facts alleged to sustain the charges in said libel are not satisfactorily proved. It is therefore ordered by the court that this libel be dismissed." Writ dated September 16th 1850.

At the trial of this action, before *Thomas,* J., " the defendant contended that the said decree was a bar to the further consideration of the matters therein decided, in this case; and objected to the evidence that was offered to sustain the acts of cruelty relied on and contained in said libel and specification. The judge ruled said decree was not a bar, and admitted the evidence," and reserved the question, after a verdict for the plaintiff, for the consideration of the full court.

This case was argued in writing and decided at November term 1854.

*C. G. Loring & D. H. Mason,* for the defendant.

*B. F. Hallett & J. H. Wakefield,* for the plaintiff.

SHAW, C. J. This case coming before the court upon a single question of law reserved, no more of the evidence is reported than is necessary to present that question, as in case of exceptions.

and we have no means of knowing, and no occasion to know, what other evidence was offered in the case on either side.

The case has been fully and ably argued in writing, and upon a consideration of the arguments we are of opinion, that the ruling on the effect of the former decree, and the admission of the same evidence which was offered on the former hearing of the libel for a divorce, were right.

The ground taken by the defendant was, that the former decision was a bar to any further judicial inquiry in regard to all matters therein decided. But, from the tendency of the argument, we understand the objection to have been this: That, as the present is an action brought by a third person for the board of the wife, for a period part of which was anterior to the time at which the decree refusing to the wife a divorce *a mensa* was passed, the effect of that decree, as between husband and wife, was to establish the legal conclusion that the absence of the wife from her husband, during that period, was wrong and unjustifiable; and therefore she did not carry the credit of her husband with her during that period, so far as to charge him with her necessary support. He therefore insisted that, as to all that part of the time, and as to her right to a divorce *a mensa*, for cruelty, founded on the charges therein specified, the decree was conclusive, not only against her, but against any one relying on the same case and the same facts, and therefore they should not be admitted to charge the defendant in the present case.

The court are of opinion that the direction of the judge at *nisi prius* upon the effect of this decree was right, on several grounds.

1. Because it was not between the same parties. In that case, it was the wife against the husband; in the present, it is a person who has furnished the wife with necessaries, and who sues the husband.

It has been argued that a direct adjudication of a court having a peculiar jurisdiction on the subject of marriage and divorce, like a decree in a process *in rem*, is conclusive and binding upon all persons having to establish or contest the conclusions of fact determined by it.

We have no doubt that this court has a peculiar jurisdiction on the subject of marriage and divorce, and that a decree upon a libel for divorce, directly determining the *status* of the parties, that is, whether two persons are or are not husband and wife; or, if they have been husband and wife, that such a decree divorcing them, either *a vinculo* or *a mensa,* would be conclusive of the fact, in all courts and everywhere, that they are so divorced. If it were alleged that a marriage was absolutely void, as being within the degrees of consanguinity, a decree of this court, on a libel by one of the parties against the other, adjudging the marriage to be void, or valid, would be conclusive everywhere. So, under the Rev. Sts. 76, § 4, where one party alleges and the other denies the subsistence of a valid marriage between them, the adjudication of the competent tribunal would be conclusive. The legal, social relation and condition of the parties, as being husband and wife or otherwise, divorced or otherwise, is what we understand by the term *status.* To this extent, the decree in question had its full effect, by which every party is bound. It did not establish, but it recognized and presupposed the relation of husband and wife as previously subsisting; and as the final judgment was, that the grounds on which a divorce *a mensa* was claimed were not established in proof, and the libel was dismissed, which was a final judgment, no change in the *status* of the parties was effected, and they stood, after the judgment, in the relation in which they stood at the commencement of the suit—that of husband and wife.

Beyond this legal effect of a judgment in a case for divorce—that of determining the *status* of the parties—the law applies, as in other judicial proceedings, that a judgment is not evidence in another suit, except in cases in which the same parties or their privies are litigating in regard to the same subject of controversy.

2. But it is contended that there was a privity between the plaintiff, claiming for necessaries furnished the wife, and the wife herself, so as to make the judgment, in a former suit by the wife against the husband, evidence in the plaintiff's suit against him. But the case is not within any of the definitions of privity, either

in law or in fact, known and recognized by the rules of law. In regard to the right sued for in this action, this plaintiff does not claim the same right or interest which the wife could claim, as privy in contract, or in blood, or in estate. See the legal designations of privies, and the principles on which the doctrine rests, in 1 Greenl. Ev. § 189. The relation of the wife was much more nearly that of an agent, having an authority to bind the defendant by a contract, where the agent having such an authority has made a contract with the plaintiff, which she is seeking to enforce. No judgment in a suit between such agent and the defendant can be evidence.

3. One test to decide whether a judgment is admissible as between privies, is to inquire whether it would be mutual. Both of the litigants must be alike concluded, or the proceedings cannot be set up as conclusive upon either. 1 Greenl. Ev. §§ 523, 524. This rule, that a judgment must be between the same parties, or their privies, is to be construed strictly, to mean parties claiming under the same title. *Wood* v. *Davis*, 7 Cranch, 271. *Davis* v. *Wood*, 1 Wheat. 6. Privity denotes mutual and successive relationship to the same rights. 1 Greenl. Ev. § 523. The present plaintiff could not, in any form, have appeared in the suit for divorce, or taken any part in the trial, or put any question to a witness, or appealed from the judgment. On the contrary, she was a competent witness, and might have been and probably was examined.

4. The issue was wholly distinct. By Rev. Sts. *c.* 76, § 6, a divorce from bed and board may be decreed for the cause of extreme cruelty in either of the parties. The libel was founded upon this statute ; the allegation, of course, was of extreme cruelty of the husband, which was denied by him, and this therefore was the issue in that suit. The term " extreme cruelty," as used in the statute, has been held in this commonwealth to import something more than neglect of duty or gross misconduct; it means, in general, personal violence, or such acts and conduct as to show actual suffering or great personal danger. *Hill* v. *Hill*, 2 Mass. 150. *Warren* v. *Warren*, 3 Mass. 321. *French* v *French*, 4 Mass. 587. Such evidence therefore would be neces

sary to sustain the issue on the part of the libellant. But the issue is not the same in the suit of a third person, brought to recover for necessaries furnished to the wife when, ill treated, neglected and unprovided for by her husband, she is compelled to leave his house, and seek the supply of her wants elsewhere *Houliston* v. *Smyth*, 3 Bing. 127, 10 Moore, 482, and 2 Car. & P. 22. Though these issues are distinct, the proof of each may depend, to some extent, more or less, on the same evidence, but not necessarily so. The same acts of violence, which would prove extreme cruelty in the one case, would prove such misconduct on the part of the husband, and danger on the part of the wife, as would render it justifiable for her to quit his house and seek refuge elsewhere. But it is equally true that much evidence of misconduct would be competent and appropriate to prove the issue in the case of a suit for necessaries furnished a wife who has absented herself from her husband, which would have no tendency to prove extreme cruelty, and, of course, would not be competent in support of that charge in a libel. The two are distinct judicial proceedings, and commenced and conducted with a view to different ends, by different means, and the judgment in one does not necessarily afford ground for a decision in the other. A judgment or judicial determination is conclusive, even between the parties, as evidence only of what is directly put in issue and tried, not of the collateral and incidental facts which are involved in the discussion, but not embraced in the decree. 1 Greenl. Ev. § 528.

The decree in question does not directly bear upon the fact whether the wife was justified in absenting herself from her husband's house, or whether in fact she did absent herself, though probably that fact was incidentally disclosed by the evidence. She may have suffered extreme cruelty, and yet not absented herself from her husband's house ; and so *vice versa*, she may have been placed in such a condition of suffering or danger as would render it justifiable to leave her husband's house, without having suffered extreme cruelty.

5. It follows, as a necessary conclusion, that, as the former judgment was on another issue, it is no objection to the use of

the same evidence, if pertinent to the issue, in another case be-tween the same parties; and, *a fortiori*, between other parties. It is only when a fact is specially put in issue, traversed and tried, that a verdict, and a judgment following it, are evidence against a party. *Arnold* v. *Arnold*, 17 Pick. 7. *Davis* v. *Spooner*, 7 Pick. 147. *Outram* v. *Morewood*, 3 East, 346.

It is argued that the acts of cruelty charged in the libel ought not to be again offered in this suit, because, these facts being alleged in the former suit, the effect of the judgment was to dis-prove them. But this cannot be maintained, for the reason above mentioned—that the judgment did not directly decide upon the truth of the facts particularly relied on in this case it decided only that the facts, then proved, were not sufficient to show extreme cruelty.          *Judgment on the verdict.*