FRANK NOWAK *vs.* A. M. KNIGHT.

August 8, 1890.

Contract—Construction.—An agreement or receipt, executed by defendant, and delivered to plaintiff, considered and construed.

Same—Evidence to Show Breach.—Alleged errors in the rulings of the trial court upon the admissibility of certain testimony considered and passed upon.

Judgment—Estoppel—Mutuality—Who are Concluded.—No party is, as a general rule, bound in a subsequent proceeding by a judgment unless his adversary, seeking to secure the benefit of the former adjudication, would have been prejudiced by it had it been determined the other way. The operation of estoppel must be mutual. Both litigants must alike be concluded, or the proceedings cannot be set up as conclusive on either.

Action brought in the district court for McLeod county, the complaint alleging the following facts: On April 7, 1883, the defendant undertook to procure for plaintiff a homestead entry on certain described lands in McLeod county, agreeing to accept in full payment for his services the plaintiff's note for $100, bearing date April 7, 1883, payable to defendant's order one year after date, with interest at 10 per cent. per annum. And the defendant also agreed that if he should not obtain the entry to be made within a reasonable time, he would cancel the note and return it to plaintiff. The plaintiff on the same day delivered the note (signed also by one John Koktan, as surety,) and the defendant made and delivered to him a writing, (introduced in evidence at the trial, and marked Exhibit A,) as follows: "Received of Frank Nowak one promissory note for $100, on account of attorney's fees in obtaining homestead entry on west half of the northeast quarter of section 15, 116, 28; note to be cancelled and delivered back if no entry is made; otherwise in full force and effect." The defendant did not succeed in obtaining the homestead entry, but, before its maturity, he sold, indorsed, and delivered the note, for value, to one Thomas B. Dewees. On July 21, 1886, Dewees brought suit against plaintiff on the note in the district court for McLeod county, in which action Dewees had a verdict, on which a judgment

for $153.89 was entered against this plaintiff and Koktan on July 5, 1887. Judgment is demanded for the amount of this judgment, with interest from its date.

At the the trial, before *Edson*, J., it appeared that the plaintiff had secured a homestead entry on the land described in the receipt, and he offered evidence to show that the application made for him by defendant was rejected by the local land-officers on April 9, 1883; that on March 22, 1884, their action was affirmed by the commissioner of the general land-office; and that on April 6, 1886, the plaintiff himself made a new application, on which he was allowed to and did enter the land. The evidence offered was excluded on defendant's objection, and the plaintiff excepted. At the close of the evidence for plaintiff the court ordered a dismissal. A new trial was refused, and the plaintiff appealed.

*G. M. Nelson* and *R. H. McClelland*, for appellant.

*Little & Nunn*, for respondent.

COLLINS, J. In respect to the point made by counsel for respondent that the contents of the receipt known upon the trial as "Exhibit A" have not been made known to this court, it is only necessary to say that it appears in full in the case as the same has been resettled by the judge of the district court, upon appellant's motion. According to its terms, which are unmistakable, the right to receive any compensation whatsoever for services, or to retain the note, the only consideration therefor being the services which the defendant contemporaneously undertook and agreed to render, depended upon his success in securing a homestead entry upon the land for his client Nowak. If he failed in his attempt to obtain such entry, he agreed to cancel and deliver up the evidence of indebtedness. The fact that subsequently, upon defendant's failure, the plaintiff made an entry of the same, through the efforts of another person, did not benefit the defendant; nor did it affect the unqualified condition found in his contract. It was therefore proper and important, under the pleadings, for the plaintiff to show that the defendant did not obtain an entry of the land for him, and that his efforts to do so were unsuccessful. This he attempted to do upon the trial by both parol and documentary evidence, all of which was excluded by the court. It is

possible that when making the effort to establish their contention in reference to the homestead entry, and that it was not obtained by the defendant or by reason of his services, the plaintiff's counsel offered some documentary evidence which was objectionable, because immaterial or incomplete; but any testimony which tended to show that defendant failed in his undertaking (and there was such offered, parol as well as documentary) should have been received.

When dismissing the case the court stated, as a reason for its course, that the issue between the parties in interest had been litigated before, and fully determined. We assume that the court had reference to what appeared in the judgment-roll in the case wherein Dewees was plaintiff, and Nowak and Koktan defendants, which had been received in evidence in plaintiff's behalf. In that action Dewees, according to his complaint, based his right to recover upon the note which this defendant had sold and indorsed to him, as an innocent purchaser for value and before its maturity. The presumption is that he recovered as such, and not because this plaintiff failed to establish a defence which would have only been available if Dewees had not been a *bona fide* holder of negotiable paper. Again, this defendant was not a party to that litigation, nor does it appear that he knew of it. He was neither bound nor prejudiced by the result, and therefore cannot take advantage of it. No party, as a general rule, is bound in a subsequent proceeding by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it if it had been determined the other way. The operation of estoppel must be mutual. Both litigants must alike be concluded, or the proceedings cannot be set up as conclusive on either. 1 Greenl. Ev. § 524; *Redmond* v. *Coffin*, 2 Dev. Eq. 437, 443; *Wood* v. *Davis*, 7 Cranch, 271; *Simpson* v. *Jones*, 2 Sneed, 36; 1 Herm. Estop. § 154. The judgment in the Dewees Case did not estop the plaintiff from recovering in this. Upon the other hand, it was evidence of his right to recover.

Order reversed.