## FRANK NOWAK vs. A. M. KNIGHT.

### November 2, 1891.

Instrument Expressing Receipt and Contract—Construction.—*Nowak* v. *Knight*, 44 Minn. 241, followed, in construing a written instrument executed by the defendant, acknowledging the receipt of the plaintiff's promissory note in consideration of services (to be rendered) for the latter in procuring a homestead entry, with an agreement by the defendant to surrender the note "if no entry is made." *Held*, that this was a contract, and not a mere receipt, and that it expressed the obligation of the defendant to surrender the note if his efforts to procure the allowance of the homestead entry should not be successful.

Findings—Evidence.—Evidence *held* sufficient to sustain the findings of the court.

After the decision of the former appeal, reversing an order refusing a new trial, (44 Minn. 241, where the case is fully stated,) the action was again tried in the district court for McLeod county, before *Baxter*, J., (acting for the judge of the 8th district,) upon whose decision a judgment of $218.06 was entered for plaintiff, from which the defendant appeals.

*Little & Nunn*, for appellant.

*G. M. Nelson* and *R. H. McClelland*, for respondent.

DICKINSON, J.  The case and decision on a former appeal in this action may be found in 44 Minn. 241, (46 N. W. Rep. 348.) The written instrument executed by the defendant to the plaintiff at the time of the making by the latter of his promissory note, and as a part of the same transaction, was not a mere receipt, but embodied a contract.  While it acknowledges the receipt of the note "on account of attorney's fees in obtaining homestead entry" on specified land of the United States, it also contained the express agreement of the defendant that the note should "be cancelled and delivered back if no entry is made."  When read in the light of the evidence there can be no doubt that the language above recited, as to the consideration for the note, meant that it was given for services to be thereafter rendered by the defendant, as attorney for the plaintiff,

in procuring a homestead entry; and the full import of the expressed condition of the surrender and cancellation of the note was that the note should be so disposed of if the defendant's efforts to procure the proposed homestead entry should be unsuccessful. In that event, the express agreement of the defendant obligated him to surrender the note, and the fact that the plaintiff subsequently, and upon a new application not made or prosecuted by the defendant, secured a homestead entry upon the same land, did not relieve the defendant from his express agreement. This was so considered on the former appeal. In this case, notwithstanding the testimony of the defendant going to show that the consideration for the note was different from that expressed in this writing, the court was justified by the defendant's written acknowledgment in concluding that the consideration was such as was there expressed. It also was shown, by documentary evidence not here claimed to have been erroneously received, that the application made and prosecuted by or under the direction of the defendant was finally rejected by the decision of the commissioner of the general land-office, from which no appeal was taken. Without referring further to the facts, we will only say that the evidence justified the conclusion that the defendant's efforts as attorney for the plaintiff were not effectual in procuring the allowance of a homestead entry. While we do not think there was any error in receiving in evidence the official communications and correspondence relating to the subsequent application by the plaintiff, we are of the opinion that such evidence could not have affected the result, and even if erroneous it was not prejudicial.

The note given by the plaintiff was sold by the defendant to one Dewees, and it was admitted at the trial that Dewees had recovered judgment thereon against the plaintiff, and that such judgment had been paid. The fair construction of the admission is in accordance with the finding that such payment was made by the plaintiff; and, even assuming that such payment was necessary to support a recovery in this action, there was no defect in the proof or in the finding.

Judgment affirmed.