## UNITED STATES v. HILLS.

(District Court, W. D. New York. July 8, 1903.)

1. ALIENS—CHINESE—EXCLUSION—CRIMINAL LAW—INDICTMENT—DEPORTATION DECREE—EVIDENCE.

A deportation decree rendered by the United States commissioner in proceedings instituted before him to determine the status of a Chinese person alleged to have been illegally brought into the United States is relevant and competent evidence of the status of such person, and was sufficient to justify a grand jury in finding an indictment against defendant for willfully bringing such person into the United States, in violation of Chinese Exclusion Act May 6, 1882, c. 126, 22 Stat. 61 [U. S. Comp. St. 1901, p. 1307], as amended by Act July 5, 1884, c. 220, 23 Stat. 117 [U. S. Comp. St. 1901, p. 1310.]

Charles H. Brown, for the United States.

Eugene L. Falk, for defendant.

HAZEL, District Judge. This is a motion to quash an indictment found by the grand jury accusing the defendant of a violation of section 11 of the Chinese Exclusion Act of 1882 (Act May 6, 1882, c. 126, 22 Stat. 61 [U. S. Comp. St. 1901, p. 1307]), as amended in 1884 (Act July 5, 1884, c. 220, 23 Stat. 117 [U. S. Comp. St. 1901, p. 1310]). That section prohibits a person from knowingly bringing into, or causing to be brought into, the United States by land any Chinese person not lawfully entitled to enter the United States; and from aiding or abetting such unlawful entry. It was admitted on argument on behalf of the government that the sole evidence before the grand jury tending to prove that the Chinese persons alleged to have been brought into the United States by the defendant were not entitled to enter or remain in the United States was a judgment and decree of deportation rendered by the United States commissioner before whom the proceedings were instituted. The competency and relevancy of this evidence upon which the indictment was found, and its competency and relevancy upon the trial of the accused to establish

¶ 1. Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

that such Chinese persons were unlawfully in the United States, is challenged by the accused. Other material evidence was considered by the grand jury tending to show that the accused knowingly brought into the United States the Chinese persons specifically named in the judgment of the commissioner, or aided and abetted their unlawful entry. The sole question, therefore, to be decided is whether the adjudication of the United States commissioner declaring the persons therein named to be Chinese laborers, and not entitled to enter or remain in the United States, is competent and relevant evidence of the facts therein found. The theory of the attorney for the government is that a judgment or decree of deportation defines and establishes the status of a Chinese person alleged to be unlawfully in the United States, and therefore the adjudication is in rem, founded upon a proceeding instituted to establish the status or condition of the persons proceeded against. I quite agree with the District Attorney, although my attention is not called to any case where the precise point raised is expressly decided. The effect of a proceeding before a United States commissioner under the exclusion act is to establish that a Chinese person, who has unlawfully entered the United States, belongs to a class of persons whose entry into the United States is forbidden by law, and that such person shall be deported or removed therefrom. The judgment of the commissioner authorized to hear the evidence establishes the status or relations between the United States and the person found to be unlawfully within its territory. It is not insisted here, as I understand it, that it has been established that the accused was in direct privity with the parties to that proceeding. The argument solely proceeded upon the ground of the admissibility in evidence of the judgment of the commissioner defining the status of the Chinese persons therein named, irrespective of any theory or proof of privity. No inference of the commission of any wrongful act by the defendant can be deduced from such decree and judgment alone. The accused was not a party to that proceeding. The evidence, however, was properly received by the grand jury as some evidence of the relationship or status between the persons named in the judgment and the United States. The judgment of the commissioner, as shown by his record, is a public document, which, in effect, recited a transaction had with others in the course of his official duties. It is an independent item of evidence, which may be controverted by the defendant. As to whether the evidence introduced by the government is sufficient to establish the purport of the judgment, and the relation therein decreed between the persons therein named and the United States, is entirely for the jury to decide. Corroborative circumstances may be shown upon the trial which may, by their character, be sufficient to constitute conclusive proof, or which may show privity of the defendant to this determination. Such records, decrees, and judgments may, therefore, be received in evidence on the trial of the accused as prima facie establishing the status of relationship between the United States government and the Chinese persons whom the defendant is charged to have assisted in entering the United States. The Government is required to establish satisfactorily, first, the status of the Chinese persons who were

brought into the United States by the defendant, or whose unlawful entry was aided or abetted by him; second, that the accused knowingly brought, or caused to be brought, such persons into the United States, or knowingly aided or abetted the landing in the United States of Chinese persons not entitled to enter the United States. The generally accepted rule is that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that precise question in another suit between the same parties and their privies. Patterson v. Gaines, 6 How. 550, 12 L. Ed. 553. These rules have application, not alone to civil actions in rem, but are also controlling in actions of a criminal nature, where a judgment of a court of competent jurisdiction is rendered as to the status of some particular matter. It has been applied, for instance, where the issues relate to questions of marriage and divorce (see People v. Baker, 76 N. Y. 78, 32 Am. Rep. 274; Wottrich v. Freeman, 71 N. Y. 601), and in civil actions for criminal conversation, and where the freedom of a slave was involved (Vigel v. Naylor, 24 How. 208, 16 L. Ed. 646; Railroad Equipment Co. v. Blair, 145 N. Y. 607, 39 N. E. 962), or in decrees against habitual drunkards (Wadsworth v. Sharpsteen, 8 N. Y. 388, 59 Am. Dec. 499; Greenleaf on Evidence, § 528). A proceeding charging Chinese persons with being unlawfully in the United States is not a criminal proceeding. Fong Yue Ting v. U. S., 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905. It is an authorized inquiry under the forms of law, to ascertain whether a Chinese person has a legal right to remain in the United States. Such an inquiry involves evidence of birth, citizenship, and whether the person proceeded against is a Chinese laborer. The burden is upon the Chinese person to establish his rights to remain, and not upon the government to show its right to exclude him. The judgment or decree of the commissioner, although not conclusive evidence of the facts found, may, nevertheless, in the absence of better evidence, be received in the case at bar for the purpose stated, and as material and competent to establish the relations between the parties to the former proceeding; for how otherwise could the nativity of Chinese persons and their status to the United States be established, assuming the order of deportation to have been obeyed, as in this case? In the absence of the party to the proceeding, the record alone in numerous cases can furnish the evidence of unlawful entry. To hold otherwise would probably render the statute forbidding the offense, and providing punishment for the commission thereof, entirely nugatory, for in many cases the persons excluded are deported before a trial under an indictment, such as this, can be had. The exclusion act requires deportation of the contraband Chinese. The effect of the enunciated rules applied by Chief Justice Marshal in Davis v. Wood, 1 Wheat. 6, 4 L. Ed. 22, cited by counsel for defendant, does not strictly apply here. In that case it seems to have been broadly held that verdicts are evidence between parties and their privies only. The facts of that case disclose that a judgment in favor of a mother, establishing her freedom, could not be given in evidence in a case against Swan, a third person, by the child of that mother, as tending to prove its freedom. The status

of the freedom of the mother of the child as to Swan is attempted to be established by this judgment. The court held that a judgment which established the relations between the slave and the master in the former suit could not be admitted to prove the relation existing between a descendant of that slave and a third party. A different state of facts here presents itself. The status of the Chinese persons named in the indictment as to their rights in the United States is fixed by the commissioner's judgments. Those judgments are now offered as evidence of their status in the United States, and no relation of these Chinamen to Hills is proven, or sought to be proven, by their reception in evidence. In a later case decided in the Supreme Court of the United States (Vigel v. Naylor, supra) the Davis Case is distinguished and explained. In the Naylor Case the petitioners also sought to establish their freedom. Petitioner proved that one Kirby had emancipated all his slaves by will. It was then attempted to be shown upon the trial that the petitioner had been the slave of one Kirby, and that her brother, mother, and sister had obtained their freedom under the will of Kirby by a suit against George Naylor, whose administrator was Henry Naylor, the defendant in the suit on trial, and that it was unusual to separate from the mother a child so young as the petitioner was at the time of Kirby's death. The Supreme Court held that the recoveries of the mother and sister against George Naylor were properly received in evidence. True, the court based its decision upon the ground that these judgments for petitioner, establishing freedom, were not res inter alios acta, but it is generally stated in the opinion that "the record could have proved the existence of the verdict and judgment as a fact and the legal consequences flowing from the fact. * * * This record evidence may be used in any suit by a third person where the evidence is pertinent, of which the court must judge from facts and circumstances appearing on the trial." And at the end of the opinion the court says: "In the next place, the record operates on the status of the person; it sets him free or pronounces him a slave, and binds him by the verdict either way."

There are numerous exceptions to the general rule that a judgment binds only parties and privies. The principle enunciated in Railroad Equipment Co. v. Blair, supra, holds that the exceptions to the general rule are as firmly established as the rule itself. The language of the court in that case clearly states the exception to the general rule, and I think the exception applies to the question under consideration. The language of the court follows:

"A general and well-settled rule that a judgment binds only parties and privies is unquestioned. But there is an exception to this rule, as firmly settled as the rule itself, and that is that a former judgment establishing rights and relations between the parties to that judgment, while it is never admissible to defeat or devest any right existing in a person not a party or privy thereto, is admissible against such person for the purpose of proving that the plaintiff in the former judgment sustained to the defendant therein the relation established thereby."

It would seem that the constitutional provision securing to the defendant the right to be confronted with the witnesses against him does not apply where the facts in controversy are such as have been

established by the proof objected to here. People v. Jones, 24 Mich. 215; U. S. v. Bonner, 1 Bald. 234, Fed. Cas. No. 14,568; U. S. v. Liddle, 2 Wash. C. C. 205, Fed. Cas. No. 15,598; U. S. v. Ortega, 4 Wash. C. C. 531, Fed. Cas. No. 15,971; Cooley on Constitutional Limitations, p. 387.

I conclude that the evidence considered by the grand jury, and to which exception is now taken, was properly considered, and was sufficient upon which to base the indictment.

Motion denied.